THE INHABITANTS OF SOMERSET *vs.* THE INHABITANTS OF REHOBOTH.

Under *St.* 1789, c. 14, § 1, a settlement may be acquired in a town, by a residence on a part thereof, which is within the actual jurisdiction of the commonwealth,

although within the rightful jurisdiction of another state, which afterwards ob tains the actual jurisdiction on the establishment of the boundary line.

THIS was an action of assumpsit, to recover for the expenses incurred by the plaintiffs, in the support of Phebe Allen, a pauper, alleged to have her settlement in the town of Rehoboth.

The case was tried before *Dewey*, J., by whom it was reported for the consideration of the whole court.

It was in evidence, among other things, not material to be stated, that Phebe Allen was the wife, and had the settlement of Richard Allen, who was a lineal descendant of Benjamin Allen, through his son Joseph Allen, from whom Richard Allen derived his settlement; that Joseph Allen was the legitimate son of Benjamin, born on the 25th of May, 1696; that Benjamin Allen resided in the old town of Rehoboth, where he had a settlement, from the year 1694, to the year 1723, in which year he died, then having his residence on territory, which was afterwards included within the limits of the present 'town of Seekonk, which was incorporated on the 26th of February, 1812, from a part of the old town of Rehoboth; that Joseph Allen, between the years 1720 and 1746, resided for more than twelve months continuously upon territory, which was included within the limits of the town of Barrington, as the same was incorporated by the province of Massachusetts bay, in 1717, without being warned to depart therefrom, but that the true boundary line, between the then colony of Rhode Island and the then province of Massachusetts bay, was in dispute; that in the year 1741, the line was ascertained by commissioners duly appointed, whose decision was confirmed on appeal to the king in 1746; that Rhode Island thereupon took jurisdiction up to the line so established, which left the territory, upon which Joseph Allen had resided, and where he continued to reside until his death, about the year 1775, in Rhode Island; that the province of Massachusetts bay, after the decision aforesaid, and in the same year, 1746, annexed Barrington in Massachusetts to the towns of Rehoboth and Swanzey; and that jurisdiction has ever since been held by both states in conformity with the line ascertained and established as aforesaid.

The defendants contended, that as Benjamin Allen, the ancestor of Richard Allen, lived in that part of Rehoboth, which was afterwards included within the limits of the present town of Seekonk, the settlement of the pauper, if in any town composed of territory, which was a part of the old town of Rehoboth, was in the town of Seekonk.

They also contended, that Joseph Allen, the son of Benjamin, acquired a settlement in Barrington, in Massachusetts, by residing therein more than twelve months between the years 1720 and 1746, and thereby lost his previous settlement in Rehoboth.

*T. D. Eliot* and *E. Williams,* for the plaintiffs.

*N. Morton* and *E. H. Bennett,* for the defendants.

METCALF, J.    The conclusion to which the court have come, on the question of the pauper's settlement, renders it unnecessary to decide any other question raised in the case.

The *St.* of 1789, *c.* 14, § 1, contained the following enactment: " All persons, citizens of this commonwealth, who, before the tenth day of April, one thousand seven hundred and sixty-seven, resided or dwelt in any town or district in the then province of Massachusetts bay for the space of one year, not having been warned to depart, according to law, shall be deemed and taken to be inhabitants of the same town or district, to every intent and purpose whatever." This and all other laws concerning the gaining of settlements were repealed by *St.* 1793, *c.* 34, § 1 ; but there was a provision in this repealing act, that all settlements already gained by force of said laws, or otherwise, should remain, until lost by gaining others in some of the ways thereinafter mentioned.

In 1691, the province charter united the colonies of Massachusetts bay and of New Plymouth, " by the name of the province of Massachusetts bay in New England." So that the *St.* of 1789 included all citizens who, after 1691, had resided and dwelt in any town or district of either of the former colonies. Those who resided in the colony of New Plymouth before 1691, did not reside " in the then province of Massachusetts bay."

In the present case, Joseph Allen, through whom the plain-

tiffs trace the pauper's settlement, resided in the town of Barrington, after he was twenty-one years old, more than one year before April 10th, 1767, without being warned to depart. Barrington, at that time, was under the actual jurisdiction of the province of Massachusetts; but that part of the town in which Allen resided was afterwards decided, by a legal judgment, to belong *de jure* to the territory of Rhode Island, and has ever since been under the actual jurisdiction of the government of that territory. So that the question is, whether, under *St.* 1789, *c.* 14, the actual or the rightful jurisdiction — the jurisdiction *de facto*, or the jurisdiction *de jure* — is to be regarded in establishing the settlement of persons residing on a given territory. And we are of opinion, that it is the jurisdiction *de facto* — the actual jurisdiction.

If Joseph Allen had resided in that part of Barrington which was annexed to Rehoboth, his settlement would have been transferred to Rehoboth; *Groton* v. *Shirley*, 7 Mass. 156; but, upon the facts in the case, that annexation had no effect on his settlement.

In the case of towns within the same state, it is held that a settlement is gained in a town, by residence, &c., within the limits over which it exercised exclusive jurisdiction, although those limits are afterwards found not to be within its true boundaries, but within the boundaries of another town. And that settlement is not defeated, or in any way affected, by the subsequent acquisition of rightful jurisdiction by such other town. *Northwood* v. *Durham*, 2 N. Hamp. 242; *Corinth* v. *Newbury*, 13 Verm. 496. In case of a residence on disputed territory, claimed by two towns, and over which both exercise jurisdiction, a settlement is doubtless gained in that town within whose true boundaries the territory resided on is ultimately found to be situate. *Landgrove* v. *Peru*, 16 Verm. 422. And we see no difference in principle, as to this matter, between town lines and state lines.

Suppose the state of Rhode Island had prevailed in her recent suit with Massachusetts, (4 Howard, 591,) and had obtained jurisdiction of the territory which she claimed. Can it be supposed that a judgment in her favor would have defeated

the settlements gained in that territory for a century and a half, and thrown the burden of supporting numerous paupers upon towns that had long been by law exempted from that burden ?   If so, we do not perceive why all the judgments of the courts of Massachusetts, rendered against inhabitants of that territory, who would not have been within their jurisdiction, if they had not resided there, must not also have been regarded as *coram non judice.*   But this is a consequence for which there would have been no plausible pretence.

*Judgment for the defendants.*