By the Court. Duer, J.
We are clearly of opinion that upon the evidence given on the trial, the complaint ought to have been dismissed. This is not a case, however, in which a judgment as upon a verdict, which would operate as a bar to a future recovery, ought to be entered for the defendants. It may well be in the power of the plaintiff, in a future action, to give such evidence as will entitle him to recover.
Whether we should be justified in saying upon the case before us, that there was an express contract between the intestate and the defendants by which he bound himself to produce the original pass-book, whenever any payment of his deposit should be demanded, is a question we deem it unnecessary to consider. The plaintiff has no right to maintain this action, if the regulation contained in the bye-laws, requiring the production of the original book, was binding upon the intestate and his representatives; and it certainly was so, if the board of managers had power under the charter to make the regulation, and the regulation was not unreasonable in itself, and the intestate was chargeable in law with knowledge of its existence.
The authority of the managers to make the regulation cannot be doubted. By the express words of the charter, they are authorized to prescribe any regulations they may deem proper, relative to the payment of deposits, and the regulation in the bye-law which they passed is, plainly, of this character. Hor can it be said that the regulation, fairly construed, is unreasonable, and therefore void. In all cases, where there is a written evidence of a debt, and here the original pass-book is such evidence, its production, we apprehend, when payment of the debt is required, or sufficient proof of its loss or abstraction, may be justly demanded by the debtor, and it is this duty, and no more than this, that the by-law, as we understand it, imposes upon depositors. We have *71 no right-to say that the meaning of the by-law is, that the non-production of the book, although its loss or destruction may be clearly proved, shall operate as a forfeiture of the deposit, and we are convinced that we should do great injustice to the managers by imputing to them such an intention. Thus construed, the bylaw would indeed be illegal and void, but, ut resmagisvaleatquam pereat, we are bound to give it a construction that will render it valid. The only question, then, that remains, is, whether the intestate was chargeable with knowledge of the regulation, and that he was so, seems to us also free from a reasonable doubt. The regulation, as the charter requires, was put up in one or more conspicuous places in the room in which the business of the bank was transacted, and the intention of the legislature plainly was, that this should operate as notice to the depositors. The provision that where a subsisting regulation shall 'be altered after a deposit shall have been made, it shall not affect the depositor without personal notice, necessarily implies, that when the regulation has not been altered, the depositor shall be bound by it, if it was properly put up in the banking room when his deposit was made; nor is there, in this, the slightest injustice. As a general rule, every person who deals with a moneyed institution, is bound by its regulations, lawfully made, although not communicated to him at all. If he wishes information he must inquire. A fortiori is the dealer bound, when an act, which the charter of the institution prescribes, and deems to be equivalent to a direct notice, has been performed. The charter, in the present case, by prescribing the mode by which the means of information shall be furnished to depositors, creates an exception, in their favor, from the general rule.
The conclusion is, that the regulation in question was binding upon the intestate, and upon the plaintiff, as his representative, and it cannot be- pretended, that it has been complied with. When the plaintiff demanded payment of the deposit, he did not produce the original pass-book, nor even allege—so far from offering any proof of the fact—that it was lost or destroyed. He said, only, that he did not know where it was, but did not say that he had searched for it in vain, or had searched for it at all. Nor was any proof of the loss or destruction of the book given or offered upon the trial. We do not say that this proof, if offered, could have been received, for this question is not properly before us, *72 but, it is certain, that if this evidence could have been admitted, it was a necessary part of the plaintiff’s case.
Our decision, therefore, is, that the verdict for the plaintiff must be set aside, and there must be a new trial, with costs to abide the event.
We have been informed by the Chief Justice, that a similar decision was made by this court in 1844 or 5, in a case not differing, in any material circumstance, from the present.