Davies, J.
 

 It is provided, in and by the 6th section of the act incorporating the defendants (Laws of 1884, ch, 229), that the corporation shall receive, as deposits, all sums of money that may be offered for that purpose; “ and such deposits shall be repaid to each depositor when required, and at such times and with such interest and under such regulations as the board of managers shall from time to time prescribe;” and which regulations were to be put up in a conspicuous place in the room .where the business of the corporation should be transacted.
 

 In pursuance of this authority, the defendants adopted the rule, or by-law, above quoted, and had the same posted in a conspicuous place-in:the room where their business was transacted, and a copy was pasted in the front part of each depositor’s book. The question presented is, whether the plaintiff can recover without the production of the pass-book, or giving some evidence of its loss or destruction, or in some way accounting for its non-production. It is contended, on the part of the plaintiff, that he can. In the first place, it is to be remarked, that the legislature evidently contemplated that • some rules and regulations in reference to the repayment of money to the depositors would become necessary. They were called for, alike for the protection of the depositor as well as the bank. In pursuance of the authority thus conferred, the defendants adopted the regulation, that, on repayment of any moneys, principal or interest, the pass-book should be produced, to the end that such payment might be entered therein, and reasonable certainty would thereby be attained that the payment was made to the person legally entitled to receive it. This regulation was put up in accordance with the require
 
 *546
 
 ments of the act of incorporation, and was assented to by the depositor, and we are bound to hold that it was part of the condition upon which the defendants received the deposit.
 

 We see nothing unreasonable in this regulation; and we fail to come to the conclusion that it was intended, or does in fact work any forfeiture of the depositor’s money. It is to receive a reasonable construction, and not to be perverted to consummate fraud or work injustice. If the depositor when he wishes to withdraw his money, cannot do what the regulations of the defendants require, and what he has agreed and stipulated to do, he must certainly do the next best thing—account for the non-production, and show its loss or destruction. There would be no safety, either to the bank or to the depositor, if the former was bound to pay, on demand, without the production of the pass-book as the evidence of authority to receive the money by the person demanding it; or, if it is not produced, the same security to both requires some excuse for its non-production to be given. The case was put as favorably for the plaintiff, by the judge at the trial, as it could have been; and as he did not avail himself of the privilege given to prove that the pass-book had'been lost or destroyed, or that, on proper search made for it, it could not be found, but chose to place himself upon his strict right to the money upon a demand for it, without any compliance with this regulation, or offer to excuse such non-compliance, he must abide by the consequences of the position assumed. We think the grossest injustice woidd follow from the adoption of the principle upon which it is sought to maintain this action. On the contrary, we think that, if we hold that the pass-book should have been produced, or proof given of its loss or destruction, or that proper search had been made for it, and that it could not be found, no injustice is done to either party, but that the rights and security of both are alike preserved. If the plaintiff makes such proof, he will be entitled to his money on demand; and if the bank should then refuse payment of it, an action could be maintained, We are dearly of the opinion that, upon the facto
 
 *547
 
 appearing in this case, this action cannot be maintained, and that the complaint was properly dismissed.
 

 The judgment of the Supreme Court is therefore affirmed, with costs.
 

 Adi the judges concurring,
 

 Judgment affirmed. ■