## LORIN HEATH *v.* PORTSMOUTH SAVINGS BANK.

Where the plaintiff, at the time of making a deposit of money in a savings bank, accepted as the evidence thereof a book stating the deposit and containing this clause: "Depositors are alone responsible for the safe keeping of the book, and the proper withdrawal of their money; no withdrawal will be allowed without the book, and the book is the order for the withdrawal:" *Held* that the clause must be taken to have made part of the contract between the plaintiff and the bank.

In assumpsit brought against the bank for such a deposit, where it appears that the plaintiff's book had before the commencement of the action been lost by or stolen from him, and that thereupon he exhibited to the bank evidence of this, and demanded his deposit, which the bank declined to pay to him without indemnity, and that he commenced the action without offering any indemnity, he cannot recover.

ASSUMPSIT to recover of the defendant a deposit made with the de-

fendant, Sept. 9, 1864, of $400.   At the time of the deposit there was given to the plaintiff as the evidence thereof, a book stating the deposit; in which book is the following clause:  "No. 21,076.   Depositors are alone responsible for the safe keeping of the book, and the proper withdrawal of their money.   No withdrawal will be allowed without the book, and the book is the order for the withdrawal."

The plaintiff took said book and went away.   The next day afterwards he applied to the Savings Bank and claimed to have his deposit paid to him.   No interest is due to him by the rules of the bank, before demand, because the deposit has been in the bank for less than three months.   It is admitted that he had lost or had had his deposit book stolen from him, and he exhibited evidence to that effect.   The bank declined to pay the plaintiff the amount deposited unless he indemnified the bank for so doing.   The plaintiff, being a stranger here and unable to comply with this condition, brought this suit.

A copy of plaintiff's deposit book was referred to as part of the case by agreement.  The questions arising upon the case were reserved.

*S. H. Goodall,* for plaintiff.

*W. H. Y. Hackett,* for defendant.

Bartlett, J.  Upon the case stated we must take the clause in the deposit book to have made part of the contract between the plaintiff and defendant.   *White* v. *Bank,* 22 Pick. 183; *Eaves* v. *Bank,* 27 Ct. 234; *Wallace* v. *Bank,* 7 Gray 137.   Under that contract the bank would be as much entitled to the production and offer of the book upon a demand for the deposit, as the maker of a note, payable to bearer, to an offer of the note upon payment when payment is demanded, and therefore we think the case falls within the principles laid down in *Stone* v. *Clough,* 41 N. H. 296–7; and see *Freeman* v. *Boynton,* 7 Mass. 486.   As no indemnity was offered the bank, it was in no default when this action was commenced; and the case therefore differs from that of the loss of the note declared on after the commencement of the suit, suggested in *Hill* v. *Barney,* 18 N. H. 610.   The question raised here did not arise and was not decided in *Warhus* v. *Bank,* 27 N. Y. 543, (5 Duer 67.)   Whether under the law of this State the plaintiff's remedy, in case of the loss of such an instrument, should be sought or could more conveniently be had in equity is a question not now before us.   See *Hill* v. *Barney; Fales* v. *Russell,* 16 Pick. 315; 1 Story Eq. sec. 85; Story on Notes, secs. 446, 450; Chit. on Con. 850; Chit. on Bills, 265 & n.

*There must be a nonsuit.*