Barbour, Ch. J.
The pleadings show that the defendant is a corporation; but whether it has a fixed capital, with stockholders who share in the profits, or. has no capital beyond what is furnished by the money of its depositors, does not appear; nor do I deem that question important. It is sufficient that the bank is a corporation, and, therefore, bound by the same rules of law in regard to its dealings with others, which control the actions of natural persons.
*446 Upon, receiving the deposit, the bank became bound to pay the amount to the plaintiff, whenever requested to do so by a check or order signed by the depositor, unless a special contract was made with her, either in terms or by legal implication from the acts of the parties.
Undoubtedly an agreement between the parties, by which the bank was required to pay the amount of the deposit, or any portion of it, to such person as should present the bank-book, or any other token, would have been valid. But the mere handing over to the depositor of a bank-book, containing the rules and bylaws of the bank, without calling her attention to its contents, did not constitute a mutual contract upon which the minds of the parties, met. That question has several times been passed upon in this court, and is no longer an open one here (See Ramaley v. Leland, 6 Robt. 358 ; S. C., 43 N. Y. 539). The cause, therefore, was properly left to the determination of the jury upon the single question as to the genuineness of the plaintiff’s signature.
The judgment ought to be affirmed,with costs.
Freedman, J.
Although, as a general rule, every person who deals with a moneyed institution, is bound by its regulations, lawfully made, although not communicated to him at all (Warhus v. Bowery Savings Bank, 5 Duer, 71 ; affirmed in 21 N. Y. 543), yet the by-law under which the savings bank resists the repayment of the deposit in this case is not a mere regulation for the return to the plaintiff of her money.
It is invoked to work a forfeiture in consequence of the happening of a certain event, over which the plaintiff has had no control.
There being no evidence of negligence on plaintiff’s part which contributed to the loss, as in Kelly v. The Industrial Savings Bank, 2 Daly, 227, and no proo *447 that the bank had the power and capacity to establish the rule in question, the judgment and order appealed from should be affirmed with costs.