Reynolds, J.*
We think this case was properly disposed of by the referee.
*298 The pass book which was issued to Mary Ann Hayden, the plaintiff’s intestate, when she became a depositor with the bank, contained, among other by-laws and regulations of the defendants, the following: “The accountant will úse his best efforts to prevent fraud, but all payments made to persons producing the deposit books, or duplicates thereof, shall be deemed good and valid payments to depositors respectively.”
It was claimed on the argument that there is no proof that any pass book was issued to her.
It could be hardly expected that the teller should have retained a positive recollection of the fact, but the book on which the final payment was made, was at all events issued by the bank, in her name, was found in her house after her death, containing entries of the payments which had been made to her on' account, and was presented by her mother, in the presence of her husband, for payment.
These and other circumstances led inevitably to the conclusion that the book was delivered to her when she became a dealer with the bank.
She thfen became legally chargeable with knowledge of the by-laws and regulations printed in the pass book, and hung up in the bank (Warhus v. Bowery Savings Bank, 5 Duer, 67, and 21 N. Y. 543; Eaves v. Peoples’ Savings Bank, 27 Conn., 229; Sullivan v. Lewiston Institution for Savings, 56 Maine, 507.
The last case holds that while the officers of the bank are held to the exercise of reasonable care and diligence, yet in paying money upon the presentation of a deposit book, the disbursing officer is not required to demand strict proof of the identity of the depositor.
We think the regulation in question was a reasonable one, which the bank had a right, under its general powers, to make ; and the case before us illustrates the necessity of affording these institutions the protection which such a rule is designed to secure.
*299 This depositor could not well be recollected among the thousands of customers dealing with the bank.
She died December, 1870, but no notice of her death was given to the bank, and three months after her death her mother presented the book, representing herself to be the depositor, or at the very least, she presented the book without explanation or notice of the death, and signed the initials of the depositor to the receipt for the money, the husband of deceased being present, and assenting to the payment; and after the bank had thus paid in good faith, the husband gets appointed administrator, and sues the bank to compel a second payment of the same amount.
If the rule will prevent the succéss of such a scheme, its operation is wholesome, at least in this case.
The evidence as to what diligence was exercised by the teller, at the time of payment, it is true, is not very definite or positive.
He does not seem to recollect what inquiries he did make, but evidently testifies rather from his usual way of transacting such business; but we have the fact of the presentation of the book ; the presence of Patrick Hayden, and his assent to thee payment—no circumstances of suspicion shown to have been apparent— the signing of the initials of the depositor, and a memorandum made by the teller at the time, showing that he examined or “tested the validy of the claim.
On the whole, we think the evidence will sustain the finding of the referee that the teller made the payment after “ due inquiry.”
We come therefore to the conclusion that the judgment must be affirmed, without determining whether a proper demand was made before the commencement of this action.
Judgment affirmed, with costs.

 Present, McCue, Ch. J., and Reynolds, J.