MINERVA J. BEAVER, as EXECUTRIX OF AZIEL G. BEAVER, DECEASED, RESPONDENT, *v.* CHARLES C. BEAVER AND ANOTHER, AS ADMINISTRATORS OF JOHN O. BEAVER, DECEASED, APPELLANTS.

*Savings bank deposit, by one in the name of another, without delivery of the pass-book to the latter — the party in whose name the deposit is made is entitled thereto.*

A party deposited in a savings bank his own money in the name of another, and subsequently died, having retained in his possession, up to the time of his death, the pass-book given by the bank in evidence of the deposit so made.

*Held,* that the beneficiary named as the depositor was entitled to draw from the bank the deposit so made.

APPEAL by the defendants from a judgment rendered at the Ulster Circuit, before the court without a jury, directing that the plaintiff recover from the defendants the sum of $2,829, with costs, and that the Ulster County Savings Institution pay to the plaintiff the sum of $2,829 deposited with it, by order of the court, to be paid to the successful party in this action.

*D. M. De Witt,* for the appellants.

*F. L. Westbrook,* for the respondent.

LEARNED, P. J.:

The opinion of the learned justice who decided this case is quite satisfactory. We should think nothing further needed if the appellants had not so strongly urged that there was no executed gift. Their argument rests on the fact that John O. Beaver continued in possession of the pass-book. Now (assuming that the money was originally the property of John O.) the thing given was the money, not the book. John O. parted with possession of the money and put it under the control of Asahel. Asahel could draw the money and could give a valid receipt therefor, that is as soon as he was of age. Before that time his guardian could do the same. But it may be said he could not draw it withou. possession of the pass-book. This provision is for the security of the bank, which might be liable to a person to whom the bank-book had been assigned.

(*Warhus* v. *Bowery Sav. Bank*, 21 N. Y., 543; *National Bank* v. *Wash. Co. Bank*, 5 Hun, 605.) But it has nothing to do with the question of title to the money. For instance, one holding a certificate of deposit payable on its return is the owner of the money deposited. Yet, to obtain that money, he needs possession of the certificate. But, further still, the "pass-book is not negotiable paper, and its possession constitutes in itself no evidence of a right to draw money thereon." (*Smith* v. *Brooklyn Sav. Bank*, 101 N. Y., 58.)

In *Martin* v. *Funk* (75 N. Y., 134) a deposit was made by A. in her name "in trust for B." A. kept the pass-book and drew the interest till her death, and B. was ignorant of the deposit. It was held that the deposit belonged to B. Now it was not claimed that there was any *active* trust. A. had no duties to discharge in managing the property. And the decision really was that the money belonged to B. In the present case, if John O. had deposited the money in his own name in trust for Asahel, we should have had the very circumstances of *Martin* v. *Funk*. But John O. did more. He did not retain even the nominal title to the deposit, giving Asahel the beneficiary interest. He put the whole title in Asahel. In *Martin* v. *Funk* the retaining of the pass-book was said to be as trustee. Here it may properly be said to have been as friend or natural guardian. And we must notice, in regard to Massachusetts cases, that *Martin* v. *Funk* is not in harmony with Massachusetts decisions. But it is our law, and it is thoroughly sound common sense, like everything else which came from the learned judge who wrote the opinion.

It seems to be conclusive, from the case of *Mabie* v. *Bailey* (95 N. Y., 206), that John O. could not have drawn out this money, even though he was in possession of the pass-book. In *Scott* v. *Harbeck* (49 Hun, 292), money stood in a savings bank in the name of defendant's testatrix in trust for plaintiff. The deceased drew it out and used it. Her estate was held liable, although plaintiff had no knowledge of the trust.

Another suggestion may be made. Suppose no pass-book had been issued, or suppose, as is sometimes the practice, the bank had kept the custody of the pass-book, would there be any doubt then that the deposit belonged to Asahel? The pass-book is a mere voucher, mere evidence against the bank. The rights of the parties rest in

the terms of the deposit shown on the books of the bank, and duplicated in the pass-book.

For these reasons, and on the opinion of the learned justice, the judgment should be affirmed, with costs.

INGALLS, J., concurred; LANDON, J., concurred, not without doubt.

Judgment affirmed, with costs.