HENRY J. MIERKE, as Administrator of the Estate of WILHELMINA MIERKE, Deceased, Appellant, v. JEFFERSON COUNTY SAVINGS BANK, Respondent.

Savings banks — relation between a savings bank and a depositor — loss of pass book — when depositor may recover amount of deposit without production of pass book — sufficiency of complaint in action for deposit — waiver by bank of by-law requiring written notice of loss of pass book — when depositor not required to give bond of indemnity.

1. The relation between a savings bank and a depositor is that of debtor and creditor, and where a decedent had money on deposit in a savings bank at the time of her death the bank is indebted to her estate in the amount of the deposit. In an action by her administrator to recover such deposit, the pass book being lost, a complaint which alleges the appointment and qualification of plaintiff as administrator of decedent, the facts concerning the deposit, his demand for the money represented by it, and the refusal of the bank to pay, is sufficient and enough to put the defendant upon its defense.

2. A by-law of such savings bank, adopted in pursuance of the Banking Law (Cons. Laws, ch. 2, § 143), providing that no money can be withdrawn or deposited except on production of the pass book, and requiring that "in case a pass book shall be lost immediate notice shall be given to the bank in writing," is waived where the bank was promptly and repeatedly informed of the loss of the pass book, but never intimated any desire for written notice; and, on the contrary, based its refusal to pay squarely on the ground that the plaintiff must give a bond of indemnity.

3. Where the by-laws of such savings bank contain nothing requiring a bond of indemnity, as the condition of paying a deposit represented by a lost pass book, the refusal of a depositor to furnish such a bond is not a defense to an action to recover the deposit and the bank is not justified in resisting plaintiff's claim on that ground.

*Mierke* v. *Jefferson County Savings Bank*, 151 App. Div. 899, reversed.

(Argued April 22, 1913; decided May 6, 1913.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered June 15, 1912, affirming a judgment in favor of defendant entered upon a dismissal of the complaint by the court at a Trial Term without a jury.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Clarence L. Crabb* for appellant. The complaint is sufficient; the proof offered by the plaintiff was entirely competent under the pleadings. (*People* v. *Mechanics & Traders' Sav. Inst.*, 92 N. Y. 7; *Fowler* v. *Bowery Sav. Bank*, 113 N. Y. 450; *People ex rel. Sav. Bank* v. *Berker*, 154 N. Y. 128; *People* v. *Dederick*, 35 App. Div. 29; *Deehen* v. *Deehen*, 59 App. Div. 166; *Matter of White*, 119 App. Div. 140; *Robert* v. *Ely*, 113 N. Y. 128; *Mason* v. *Pendergast*, 120 N. Y. 536; *Lawatsch* v. *Cooney*, 20 App. Div. 470; *Town of Bleeker* v. *Balje*, 138 App. Div. 706.) The trial court erred in holding that the defendant was justified in refusing payment of the amount and dismissing the plaintiff's complaint. (Code Civ. Pro. § 2712; *Smith* v. *Brooklyn Sav. Bank*, 101 N. Y. 58; *Kummel* v. *Germania Sav. Bank*, 127 N. Y. 488; *Warhus* v. *Bowery Sav. Bank*, 21 N. Y. 543; *Palmer* v. *Prov. Sav. Inst.*, 51 Am. Rep. 341; *Mills* v. *Albany Sav. Bank*, 28 Misc. Rep. 251; *Kenny* v. *Harlem Sav. Bank*, 65 Misc. Rep. 466; *Vincent* v. *Port Huron Sav. Bank*, 147 Mich. 437.)

*Samuel Child* for respondent. The complaint does not state a cause of action against a savings bank on a deposit account. (*Mitchell* v. *Home Sav. Bank*, 38 Hun, 255; *People* v. *M. & T. Sav. Inst.*, 92 N. Y. 7; *Winter* v. *City of Niagara Falls*, 190 N. Y. 198; *Weeks* v. *O'Brien*, 141 N. Y. 199; *Bogardus* v. *N. Y. L. Ins. Co.*, 101 N. Y. 328; *Inman* v. *W. F. Ins. Co.*, 12 Wend. 452; *Elting* v. *Dayton*, 43 N. Y. S. R. 363; 144 N. Y. 644;

*La Chicotte* v. *Richmond Railway*, 15 App. Div. 380; *Todd* v. *Union Casualty Co.*, 70 App. Div. 52; *Oakley* v. *Morton*, 11 N. Y. 25.) There is no proof in the case that would entitle the plaintiff to recover under any circumstances, or under any form of complaint. (*Appleby* v. *Erie Co. Sav. Bank*, 62 N. Y. 12; *Allen* v. *Williamsburg Sav. Bank*, 69 N. Y. 314; *Mahan* v. *South Brooklyn Sav. Inst.*, 175 N. Y. 69; *Kelly* v. *Buffalo Sav. Bank*, 180 N. Y. 171.)

WERNER, J. The defendant is a savings bank, in which plaintiff's intestate at the time of her death had money on deposit. The plaintiff's husband and administrator, being unable to find the pass book issued to her by the defendant evidencing the deposit, notified the officers of the bank and requested payment to him of the amount credited to the decedent's account. The defendant's officers refused payment unless plaintiff should give a bond of indemnity against loss. This the plaintiff refused to do, and he brought this action to recover the deposit.

The case was tried before the court without a jury, and judgment was rendered in favor of the defendant. The learned trial court held, in substance, that the complaint was fatally defective because it did not allege the loss of the pass book or any facts tending to excuse its non-production and presentation, and that the proof did not show any excuse for its non-production. The judgment entered upon this decision was affirmed at the Appellate Division by a divided court.

Before proceeding to discuss the case on the merits, it may be well to dispose of the suggestion that the complaint was insufficient. Counsel for the defendant raised this point by motion to dismiss the complaint at the opening of the trial, and the motion was then denied, but the formal decision later filed by the trial court contains the express finding that the complaint does not state a cause

of action.   In this ruling we think the court was in error.
The complaint alleges the plaintiff's appointment and
qualification as administrator, the facts concerning the
deposit, his demand for the money represented by it, and
the refusal of the bank to pay.   This was enough to put
the defendant upon its defense.   The answer of the
defendant, after certain denials and admissions which
need not be specified, sets forth the by-laws of the bank
which will be referred to hereafter, and alleges that the
plaintiff had never presented the pass book.

The pleading simply raised the usual issue between a
depositor and his depositary where there is a failure to
pay the amount deposited.   There are, of course, special
statutory and substantive legal rules applicable to savings
banks as distinguished from the ordinary business or dis-
count banks, but the relation between savings banks and
their depositors is nevertheless that of debtor and creditor.
(*People* v. *Mechanics & Traders' Savings Inst.*, 92 N. Y.
7.)   The defendant was, therefore, indebted to the plaintiff
in the amount of the deposit.   His complaint setting
forth the facts on which that indebtedness was based was
sufficient, and if for any reason the defendant deemed
itself entitled to withhold the deposit for its own security,
the facts justifying such conduct were properly to be
pleaded in its answer.   The defendant evidently recog-
nized this as the proper procedure, for it alleged the non-
presentation of the pass book as one of its defenses.   It
was not necessary for the plaintiff affirmatively to plead
the loss of the book; that was a matter of evidence admis-
sible to meet the defense that it had not been presented.
The complaint must, therefore, be regarded as sufficient.

The further question remains to be determined whether
the defendant presented any evidence which justified it in
withholding from the plaintiff the amount of this deposit.
Upon that issue the material facts found by the trial
court are undisputed.   Wilhelmina Mierke, at the time of
her death, on November 29, 1910, had on deposit in the

defendant bank the sum of $900.    The plaintiff is her
husband and administrator.    Immediately after her death
he searched for the pass book issued by the defendant to
her but was unable to find it, and on the day of her
death he went to the bank and informed its officials of
his inability to find the book.    On January 6, 1911, the
plaintiff was appointed administrator, and filed with the
bank a copy of the letters appointing him.    After that he
had·several interviews with the officials of the defendant
in which he repeatedly informed them of the loss of the
pass book and demanded payment to himself as adminis-
trator of the amount of his wife's deposit.    The officials
of the bank refused payment unless he would give to the
bank a bond in double the amount of the deposit indem-
nifying it against loss.    This he refused to do.    On the
following February 28th, which was nearly two months
after his appointment as administrator, .he commenced
this action.

The Banking Law (Consolidated Laws, ch. 2) contains
many provisions for the regulation of savings banks.
Section 143 provides that the sums deposited shall be
repaid to depositors or their legal representatives in such
manner and "after such previous notice, and under such
regulations, as the board of trustees shall prescribe.    Such
regulations shall be posted in a conspicuous place in the
.room where the business of the corporation shall be
transacted, and shall be printed in the pass books."    Sec-
tion 152, so far as material, provides that no check of a
depositor shall be paid "unless the pass book of the depos-
itor be produced,    *    *    *.    The board of trustees may,
by their by-laws, provide for making payments in cases of
loss of pass book, or other exceptional cases where the pass
book cannot be produced without loss or serious incon-
venience to depositors."

In pursuance of these statutory provisions the defend-
ant's board of trustees adopted by-laws which were regu-
larly printed in its pass books and posted in its banking

room.   Among other provisions, these by-laws provided:
"This bank will as a rule, pay all deposits on demand,
yet it reserves the right to require ninety days notice at
its office of intention to withdraw deposits; the intent of
this rule being solely to protect the bank and its depos-
itors in time of public excitement and danger."   "No
money can be withdrawn or deposited except on produc-
tion of the pass book."     "In case a pass book shall be
lost immediate notice shall be given to the Bank *in writ-
ing*, when payment upon such book will be stopped."

The by-law providing for ninety days' notice of intention
to withdraw presents no obstacles to the plaintiff's recov-
ery, as the bank never indicated its intention to require any
such notice.    Nor does the by-law requiring written notice
in case of the loss of pass book avail the defendant.    The
proof here clearly discloses that while the bank was
promptly and repeatedly informed of the loss of the pass
book, it never intimated any desire for written notice,
but on the contrary based its refusal to pay squarely on
the ground that the plaintiff must give a bond of
indemnity.

We have, therefore, to decide whether the failure to
produce the pass book under the circumstances disclosed
by the record warranted the refusal to pay.    The statute
and the bank's by-laws provide that the book must be
presented.    The statute further provides that the bank
may adopt by-laws to provide for a case in which the pass
book has been lost.    The defendant's trustees have
adopted no by-law providing for such a case, except that
it would require notice in writing.    While the plaintiff
gave no written notice, the defendant did not complain
of that informality and this requirement was clearly
waived.    No request was made of the plaintiff for
further evidence of the loss of the book or of the circum-
stances surrounding its disappearance, and the question
whether he has given satisfactory evidence of the cir-
cumstances by affidavit or otherwise does not arise here,

as it did in the case of *Warhus* v. *Bowery Savings Bank* (21 N. Y. 543), where the plaintiff refused to comply with the defendant's reasonable request for satisfactory evidence of the loss. In the case at bar the refusal to pay is based solely on the ground that the bank was entitled to a bond of indemnity. There is nothing in its by-laws entitling it to insist upon such a condition and in the absence of such a provision we do not think it was justified in resisting the plaintiff's claim on that ground. Whether a by-law requiring a depositor or his legal representatives to give a bond can be regarded as a reasonable condition is a question we are not now called upon to decide. All that we decide in the present case is that the plaintiff alleged and proved all the facts necessary under the circumstances to make out a good cause of action. (*Zander* v. *N. Y. Security & Trust Co.*, 178 N. Y. 208.)

The judgment should be reversed and a new trial granted, with costs to abide the event.

CULLEN, Ch. J., GRAY, HISCOCK, COLLIN, CUDDEBACK and MILLER, JJ., concur.

Judgment reversed, etc.