Desmond, J.
The trial court dismissed the complaint as against both defendants. The Appellate Division reversed as to defendant Sjoberg and ordered a new trial as to her but affirmed the dismissal as to defendant New York Savings Bank. Plaintiff appealed here from that latter part of the Appellate Division’s determination. We have before us, therefore, so much of the Appellate Division judgment as unanimously affirmed the dismissal on the merits of plaintiff’s complaint as against respondent bank. Although that part of the Appellate Division judgment was a unanimous affirmance, plaintiff has validly appealed from it as of right since the Appellate Division judgment of which it forms a part is treated for our purposes as a modification giving any party the right to appeal here (Zirn v. Bradley, 292 N. Y. 581; Unger v. Village of Falconer, 2 N Y 2d 731).
The controversy arose because defendant Josephine Sjoberg in 1950 withdrew from the New York Savings Bank account of Helen Romero, plaintiff’s intestate since deceased, about $11,300, being almost the whole of Helen Romero’s balance at the bank. The first two causes of action in the complaint are brought by *522 Helen Romero’s administrator against defendant Sjoberg only, demanding an accounting from Sjoberg, and so are not before us on this appeal.
Plaintiff’s causes of action against New York Savings Bank with which we are concerned on this appeal are numbered Third and Fourth in the complaint. The third cause of action alleges that the payments of the late Helen Romero’s funds by the bank to defendant Sjoberg were not authorized by plaintiff’s intestate and so amounted to a conversion by the bank. The fourth cause of action alleges that defendant bank has refused to turn over to plaintiff approximately $11,300 which is the same sum which other parts of the complaint allege were illegally withdrawn by defendant Sjoberg. The complaint includes as an exhibit the power of attorney on which the bank relies as its authority for the payments to Sjoberg.
The answer of the bank says that the account was originally opened in 1936 by the plaintiff’s intestate and her husband (who died some years before these withdrawals), that from time to time deposits were made in the account, that on various dates in 1950 defendant Josephine Sjoberg as attorney in fact for Helen Romero presented to the bank the passbook of the Romero account together with signed withdrawal slips, and that the bank paid to defendant Sjoberg pursuant to the order of plaintiff’s intestate the sums alleged in the complaint totaling about $11,300. As a separate defense in its answer the bank alleged that at the time the account was opened plaintiff’s intestate had signed an agreement whereby she agreed to be bound by all the rules of the bank including section 7 which said that the bank would endeavor to prevent frauds on its depositors but that all payments made to persons producing the bankbook would be deemed good and valid payments.
In affirming the dismissal of the complaint as to the bank the Appellate Division pointed out that the bank paid out the money on presentation of the bankbook and a duly authenticated power of attorney, that there was no evidence that the bankbook or the power of attorney were obtained by fraud or duress, and no evidence that the delivery of the passbook or the execution of the power of attorney were anything but voluntary. The only question before us is as to the meaning of the power of attorney—that is, whether it sufficiently authorized the pay *523 ments from the bank account. We think it was clearly sufficient for that purpose. It appointed defendant Sjoberg the true and lawful attorney in fact for plaintiff’s intestate in her name and stead “ to demand, sue for, and receive all debts, moneys, securities for moneys ” to which plaintiff’s intestate was or might become entitled or which were or might become due, owing and payable to plaintiff’s intestate from any person or persons and in her name to give receipts and discharges for payment, with full power and authority in the attorney to do anything necessary in the premises as fully as the principal might or could do. Since the relationship between savings bank and depositor is that of debtor and creditor (Mierke v. Jefferson County Sav. Bank, 208 N. Y. 347, 350) there is no reason why this power of attorney was not sufficient to authorize the bank to pay out the money.
Appellant in his first point argues that the court committed error in relieving defendant bank of what plaintiff says was the bank’s burden of proof as to the authority of defendant Sjoberg to withdraw the money. But plaintiff himself affirmatively established such authority by attaching the power of attorney to the complaint and offering it in evidence. The same answer goes to the assertion of plaintiff that the bank did not use appropriate care. Its duty of care to its depositors was performed when it acted on a duly authenticated power of attorney in proper form and on production of the passbook.
The judgment so far as appealed from should be affirmed, with costs.
Chief Judge Conway and Judges Dye, Fuld, Froessel, Van Voorhis and Burke concur.
Judgment affirmed.