Bentley Kassal, J.
Plaintiff’s action is to recover the sum of $4,735 representing the balance due him on an oral agreement for commissions in having arranged for deposits of $500,000 to be placed in defendant Surety Bank and Trust Company in exchange for one-year certificates of deposit. Defendant Chern has moved pursuant to paragraph 5 of subdivision (a) of CPLR 3211 to dismiss the complaint on the ground that the cause of action may not be maintained because of the Statute of- Frauds.
Plaintiff’s action is essentially to recover a “ finder’s fee” for having located depositors for the bank’s certificates of deposits. Plaintiff admits that there is no written contract or memorandum in regard to the commissions or to any other dealings with defendant Chern. The Statute of Frauds (General Obligations Law, § 5-701, subd. 10) requires that “ a contract to pay compensation for services rendered in negotiating a loan ” be in writing, and this provision is *572 intended to include “finders” within its scope. (See Minichiello v. Royal Business Funds Corp., 18 N Y 2d 521.)
Therefore, the only issue remaining is whether the services rendered comprise “negotiating a loan” and, in my opinion, this is clearly intended. A certificate of deposit is in effect a loan .to a bank by the depositor for an agreed period of time at a„stated rate of interest. (See Payne v. Gardiner, 29 N. Y. 146; Dry Dock Bank v. American Life Ins. and Trust Co., 3 N. Y. 344; Romero v. Sjoberg, 5 N Y 2d 518; Pardee v. Fish, 60 N. Y. 265.) Plaintiff’s suit is thus barred by the Statute of Frauds.
Plaintiff’s contention .that this motion was untimely is not sustained. The defendant’s answer was served- — -and accepted — on March 16, 1972. The disputed telephone call by defendant’s attorney to the office or answering service of plaintiff’s attorney was apparently only to confirm that service would be on this date, a week beyond the date -specified in the order of Judge SoEKin. This extension had been agreed -to by plaintiff’s attorney in .the presence of his client, Murray Director.
The motion to dismiss was originally made on March 15, i.e., a “time before service of the responsive pleadings (was) required,” (subd. [e] of CPLR 3211). Its denial was without prejudice to renewal, which was done promptly. In any event, there is no cause of action herein, and a motion for summary judgment would have been proper after issue had been joined. In view of the power of this court to treat a motion to dismiss as a motion for summary judgment (CPLR 3211, subd. [c]), I am not persuaded by this technical defense.
Accordingly, defendant Chern’s motion is granted and the complaint is dismissed against him.