OPINION OF THE COURT
Burton S. Sherman, J.
In this turnover proceeding brought pursuant to CPLR 5225 (subd [b]) and 5227, the judgment creditor, the wife in a matrimonial action, seeks to recover money in two accounts in the respondent Jamaica Savings Bank in the name of the judgment debtor husband. One account is a regular savings account and the other is a certificate of deposit or time account payable in 1982.
Pursuant to the judgment in the matrimonial action, the *229 judgment creditor was awarded half of the parties two joint savings accounts and an additional sum of money. She has received her half of the joint savings accounts and now seeks by this proceeding to direct the bank to pay to her the remaining half of the accounts belonging to the judgment debtor to satisfy her money judgment.
The judgment debtor has intervened and his claim that there is an appeal pending is without merit as there is no stay in effect nor has he diligently sought one. Nor do the counterclaims and affirmative defenses have merit.
The only remaining issue is whether the judgment creditor may require a bank to turn over money held in a time deposit account or a certificate of deposit before maturity.
The relationship between savings bank and a depositor is that of debtor and creditor (Romero v Sjoberg, 5 NY2d 518). The bank is therefore a garnishee (CPLR 105, subd [i]). It has been held that a certificate of deposit or a time deposit is a loan to a bank by a depositor for an agreed period of time at a stated rate of interest (Murray Director Affiliates v Laventman, 70 Misc 2d 571). CPLR 5227 permits the judgment creditor to enter a judgment upon a present debt owing to a judgment debtor or a future debt upon maturity (Siegel, Practice Commentaries, McKinney’s Cons. Laws of NY, Book 7B, CPLR, C5227:1, p 283). Since the time deposit or certificate provides that the depositor may demand payment of the principal before maturity, by paying certain prepayment charges or penalties as provided by the Banking Law, the debt is due on demand. It is therefore subject to turnover pursuant to CPLR 5227.
Accordingly, the petitioner is granted judgment against the respondent in the sum of $1,571.70 and $3,182.70 with interest from the date of judgment. Settle judgment which shall provide that the judgments first be satisfied from the ordinary savings account and the balance from the time deposit account with any prepayment charges to be deducted from the balance of the time deposit account.