OPINION OF THE COURT
John A. K. Bradley, J.
This is a proceeding brought pursuant to CPLR 5225 for the turnover of certain assets of a judgment debtor.
The petitioner, the City of New York, has filed tax warrants against Midmanhattan Realty Corp. That corporation was formerly owned by one Jacob A. Fine and is now the property of his estate of which the respondent Stephen L. Fine is the sole executor. Also included in the estate is another company, the defendant De West Realty Corp., which has admitted, in an answer to an information subpoena, that it owes Midmanhattan $47,454.88. The sole shareholder of De West is the estate of Jacob A. Fine (although apparently its ownership is disputed in unrelated litigation), the president of De West is Stephen L. Fine. De West, in turn, has a time deposit with defendant Amalgamated Bank in the amount of $47,567.77.
The respondents, except Amalgamated, are opposing this petition asserting that it was brought under the wrong section of the CPLR and that since De West’s time deposit *969 is not specifically owed to Midmanhattan it may not be seized by Midmanhattan’s creditors.
Neither point has any merit. The chief difference between CPLR 5225 (subd [b]), as this is labeled, and CPLR 5227, which respondents assert is the correct procedure, is that CPLR 5227 envisioned a special proceeding. But, this is a special proceeding, having been instituted by petition and notice of petition. “[A] special proceeding improperly labeled one under CPLR 5225(b) should be deemed one under CPLR 5227, and vice-versa.” (Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C5227:3, p 287.)
As to the question of whether a creditor of Midmanhattan can seize De West’s time deposit, it is important to note here that Midmanhattan, De West and the bank have all been served in this special proceeding. If De West has money or a debt owing to Midmanhattan, a judgment can be entered against De West in this proceeding. De West, which is owned and controlled by the same person who owns and controls Midmanhattan, has a time deposit. Such a deposit can also be the subject of a turnover proceeding. (Kazanjian v Jamaica Sav. Bank, 105 Misc 2d 228.)
The petition also indicates that the respondent Fine holds $500 of Midmanhattan Realty money which Fine apparently has no objection to turning over.
The petition is granted and judgment awarded against the respondent Midmanhattan for the amount sought, against De West for the amount of its debt to Midmanhattan, against Amalgamated for the amount of that debt or for the amount of the time deposit less prepayment charges, whichever is smaller, and against Fine for the $500.