UNION MILLS, Respondent, *v.* WILLIAM A. HARDER et al., Appellants.

1. CONTRACT — PRESUMPTION AS TO DELIVERY AND ACCEPTANCE THEREOF. Where a contract is prepared by the party sought to be bound thereby pursuant to and in fulfillment of an express provision of a prior contract and other provisions are therein included, wholly or in part for such party's benefit, and such contract is executed and left with and retained by such party, there is, in the absence of other evidence, a presumption that it was delivered to and accepted by the party on the day of its date.

2. SAME — CONTRACT FOR SALE OF MANUFACTURING PLANT AND BUSINESS WITH AGREEMENT NOT TO ENGAGE IN SAME BUSINESS — SUPPLEMENTARY AGREEMENT — PRESUMPTION AS TO DELIVERY AND ACCEPTANCE — ACTION FOR INJUNCTION — ERRONEOUS RESTRICTION ON RE-ENGAGEMENT IN BUSINESS. The president, and directors of a manufacturing corporation, being all the stockholders thereof, executed and delivered, officially and as individuals, a contract of sale of certain manufacturing property, in which they agreed, among other things, not to engage in the same business within a certain county, except at two specified places, and not to use the corporate name of their company in any business whatever, and also that, at the time of the delivery of the deed and bill of sale of such property, they would deliver every other instrument for the proper conveyance thereof and for carrying out the covenants and agreements contained in the contract of sale. On the day of the delivery of the deed and bill of sale, the president and two others of the stockholders of the vendor company signed, as individuals, a supplementary contract, presented to them by the vendee, which embodied all of the covenants and agreements cf the contract of sale except that the agreement not to engage in the same business was limited to six years, which contract was retained by the vendee. Thereafter the said president of the vendor corporation organized a new corporation with a name similar to that of the old company, and under such name proceeded to manufacture the same articles as the old company. The vendee thereupon commenced an action for an injunction to restrain said president and his new corporation from manufacturing such goods within the prohibited territory and from using the corporate name of the new company in any business. At the trial, the supplementary contract, which was shown by undisputed evidence to have been duly executed by the parties thereto and retained by the plaintiff, was produced by the plaintiff and offered in evidence by the defendants. The trial court refused to find that such contract was actually executed and delivered to the plaintiff at the time of the transfer of the manufacturing property and granted an injunction permanently restraining the defendants from manufacturing the same line

of goods as that made by the vendor corporation within the prohibited territory, and from using in any business the corporate name of the new company. *Held*, that the evidence as to the execution and delivery of the supplementary contract was sufficient to create a presumption that such contract was delivered to and accepted by the plaintiff on the day of its date, and that as such presumption is wholly uncontroverted, the refusal of the trial court to find in accordance therewith is erroneous, and, therefore, that part of the judgment which permanently restrains the defendants from manufacturing the same line of goods within the prescribed territory must be reversed, unless the plaintiff consents to have the judgment modified so that the injunction be limited to six years.

*Union Mills* v. *Harder*, 116 App. Div. 22, modified.

(Argued March 4, 1908; decided March 31, 1908.)

Appeal from a judgment of the Appellate Division of the Supreme Court in the third judicial department, entered December 11, 1906, modifying and affirming as modified a judgment in favor of plaintiff entered upon a decision of the court on trial at Special Term.

The nature of the action and the facts, so far as material, are stated in the opinion.

*D. Cady Herrick* for appellants. That construction of the contract sued upon must be given which is most favorable to the defendants. (*Marshall* v. *C. T. M. A. Assn.*, 170 N. Y. 438; *Rickerson* v. *H. F. Ins. Co.*, 149 N. Y. 313; *Vough* v. *E. B. & L. Assn.*, 172 N. Y. 515.) The deed, the bill of sale and the contract of November fourteenth were the culmination of the contract of October twenty-ninth, and that contract became merged in the transactions of November fourteenth. (*Wheeler* v. *Reynolds*, 44 App. Div. 573; *Town of Solon* v. *W. S. Bank*, 114 N. Y. 134; *Cornell* v. *Masten*, 35 Barb. 161; *Houghtaling* v. *Lewis*, 10 Johns. 299; *Witbeck* v. *Waine*, 16 N. Y. 534; *Morris* v. *Whitcher*, 20 N. Y. 47; *Disbrow* v. *Harris*, 122 N. Y. 366; *Schoonmaker* v. *Hoyt*, 148 N. Y. 429; *Knowles* v. *Towne*, 96 N. Y. 537; *Coddington* v. *Davis*, 1 N. Y. 186.) There was an acceptance of the agreement of November fourteenth by the plaintiff. (*St. John* v. *A. M. L. Ins. Co.*, 2 Duer, 431; 13 N. Y. 39; *M. D. Co.* v. *Huntington*, 89 Hun, 470; *Purdy* v. *Coar*, 109

N. Y. 448; *Church* v. *Gilman*, 15 Wend. 661; *Smith* v. *Cole*, 109 N. Y. 438.)

*J Rider Cady* for respondent.   The rule requiring instruments to be construed *contra proferentem* applies to instruments prepared entirely by one party, as insurance policies, collateral notes and the like, where the policy is solely the work of the company issuing it, or of the bank accepting the note, and then can only be resorted to after every other rule of construction has been tried and proved ineffectual.   (Hammon on Cont. 818; *Kinnear* v. *Powell*, 3 Misc. Rep. 449; 2 Pars. on Cont. [6th ed.] 505.)   Defendants' claim that the contract of October twenty-ninth was merged in the transaction of November fourteenth cannot be sustained as this can only happen when it is the necessary inference that such was the intention of the parties, either from the words of the instrument themselves, or from all the surrounding circumstances.   (*Morris* v. *Whitcher*, 20 N. Y. 41; *Disbrow* v. *Harris*, 122 N. Y. 362; *Dickenson* v. *Vance*, 31 App. Div. 464; *Eddy* v. *Graves*, 23 Wend. 82; *Coe* v. *Hobby*, 72 N. Y. 141; *McCreary* v. *Day*, 119 N. Y. 1; *McKenzie* v. *Harrison*, 120 N. Y. 260.)

CHASE, J.   On the 29th day of October, 1901, an instrument in writing was prepared which stated the parties as follows : " Harder Knitting Company a corporation incorporated under the laws of the state of New York by and through its president William A. Harder, William A. Harder, A. Putnam Pitcher, Benoni S. Johnson, Philip M. Harder, and Homer J. Miller    *    *    *    directors and being all the stockholders of the said Harder Knitting Company and the said individuals in their personal and individual capacity " of the first part, and " W. Frank Holsapple    *    *    *    or any person or corporation that he may designate " of the second part.   On that date such instrument was duly executed by said corporation and by said William A. Harder, Pitcher and Johnson of the parties of the first part and by said Holsapple, party of the second part.

By said agreement the parties of the first part for the consideration therein expressed covenanted and agreed to grant and convey to the party of the second part or his assigns certain real and personal property therein described, being all of the real property owned by said knitting company in the city of Hudson and also all personal property connected therewith which was described in an exhibit annexed to said contract and forming a part thereof, and also all tools, machinery and parts of machinery in use or not in use, new or old, and all personal property of every description at that time in and upon said premises except shirts and drawers and materials used in making shirts and drawers, and oils and coal. Said contract contained several special agreements relating to said real and personal property and the transfer thereof, and to the stock of said corporation and the business theretofore carried on by it. Said contract also contained restrictive covenants as follows : " *Eighth.* That they (parties of the first part) will not enter directly or indirectly in the manufacture of shirts and drawers in the city of Hudson or the county of Columbia except to continue the business in the village of Valatie now carried on by William A. Harder and to continue the business in the village of Philmont now carried on by A. Putnam Pitcher, and each of them further agree that they will not directly or indirectly interfere with the management of said business in said city of Hudson or with the help employed in said mill   *   *   *."

" *Thirteenth.* That they will not use in any business the corporate name of Harder Knitting Company."

In addition to these covenants, it was further provided by said contract, " The said William A. Harder, A. Putnam Pitcher, Benoni S. Johnson, Philip M. Harder and Homer J. Miller agree that they will sign individually a separate agreement hereto indemnifying the said party of the second part from any and all liens or liability of every description against the said Harder Knitting Company, and to keep the said party of the second part harmless from any claims or

demands of any name or nature against the Harder Knitting Company."

The party of the second part covenanted and agreed to purchase said real and personal property, and pay therefor as in said contract provided, and it further covenanted that on the payment of said consideration, and " On the 15th day of November, 1901, and upon the making of the payment aforesaid in full, said deed or deeds, bill of sale, and every other instrument for the proper conveyance of the property are to be executed and delivered and all covenants and agreements hereinafter contained and set forth are to be performed."

The parties of the first part covenanted on that day " at their own proper costs and expenses to execute and deliver to the said party of the second part the deed or deeds aforesaid, and all other instruments necessary for the full and complete conveying of the property hereinbefore set forth. The said deed and all papers are to be delivered and the money paid at  *  *  *  Hudson."

On the 31st day of October, 1901, said Holsapple transferred said contract and all his rights, title and interest therein, together with his rights in other contracts and property, to Francis H. Peabody, Frank G. Webster, Frank E. Peabody and Robert Windsor, copartners under the name of Kidder, Peabody & Company of Boston.

The plaintiff is a corporation duly organized under the laws of the state of Maine by said Kidder, Peabody & Company for the purpose of acquiring the ownership of the stock and property of said knitting company and other property, and prior to the 14th day of November, 1901, the plaintiff acquired and became the owner of the rights of said Holsapple under and by virtue of said contract of October 29, and the assignment thereof to said Kidder, Peabody & Company on October 31.

On said 14th day of November, 1901, a deed and bill of sale were executed and delivered by said knitting company to the said Union Mills by which it transferred to said Union Mills the real and personal property described in said con-

tract of October 29, and the consideration therefor as pro-
vided by said contract was duly paid to said knitting company.
At the time of the delivery of said deed and bill of sale there
was also transferred to said plaintiff the certificates of stock
of said knitting company.   The deed and bill of sale did not
contain the special agreements or restrictive covenants men-
tioned as contained in said contract of October 29.

The trial court has found that the said William A. Harder
in violation of the contract of October 29th and in the year
1902 organized and caused to be incorporated a domestic
manufacturing  corporation  under  the  corporate  name  of
Harder Manufacturing Company for the purpose of manu-
facturing knit goods and that the stock of said corporation
was all subscribed by said William A. Harder except ten
shares which were subscribed by his wife, and ten other shares
which were subscribed by his daughter, and that the said man-
ufacturing company owns and operates a knitting mill in the
village of Valatie where it is engaged in the manufacture of
shirts and drawers, part of which product is fleece lined shirts
and drawers similar to the kind and quality manufactured
prior to November 14, 1901, by said knitting company, and
that said manufacturing company is under the management of
said William A. Harder, and that he is the president of said
corporation.

The judgment rendered at Special Term restrained the
manufacturing company and said William A. Harder, their
servants and agents, from directly or indirectly manufacturing
shirts and drawers in the county of Columbia except as in the
judgment stated, and from using and continuing to use in any
business the name of Harder Manufacturing Company.   The
Appellate Division, on appeal thereto, modified said judgment
so that the part relative to the use of said name read : " That
the said Harder and the Harder Manufacturing Company is
enjoined and restrained from using and continuing to use in
the business of manufacturing shirts and drawers the cor-
porate name of Harder Manufacturing Company," and as so
modified the judgment was affirmed.

We shall not discuss the questions raised upon this appeal except as they relate to a paper which was received in evidence and is dated November 14, 1901.

Prior to the 14th day of November, 1901, there was prepared in Boston, by the attorneys for said Kidder, Peabody & Company and said plaintiff, an agreement to accompany said deed and bill of sale as follows:

"We, William A. Harder, A. Putnam Pitcher, Benoni S. Johnson, Philip M. Harder and Homer J. Miller, all of the city of Hudson, Columbia County, State of New York, do jointly and severally promise and agree to and with Union Mills, a corporation organized under the laws of the State of Maine, its successors and assigns, in consideration of one dollar and other valuable consideration, the receipt of which is hereby acknowledged, as follows:

"*First.* That we will not enter into or carry on the manufacture of shirts and drawers, directly or indirectly, anywhere in said City of Hudson or said County of Columbia, at any time within the space of —— years from the date hereof, provided, however, that the business now carried on by William A. Harder, in the Village of Valatie, and the business now carried on by A. Putnam Pitcher, in the Village of Philmont, may be continued.

"*Second.* That we will not directly or indirectly interfere with the management of the business carried on by the Union Mills, its successors or assigns, in said city of Hudson, or with the employees of said Union Mills.

"*Third.* That we will deliver to the Union Mills a list of any and all customers now using any and all goods manufactured by said Harder Knitting Company.

"*Fourth.* That we will not use in business the corporate name 'Harder Knitting Company.'

"*Fifth.* That we will indemnify and keep harmless the Union Mills from any contracts or agreements or any liability thereunder or thereon which have been entered into by said Harder Knitting Company prior to the date hereof.

"*Sixth.* That we will indemnify and save harmless said

Union Mills, its successors and assigns, of and from any loss, cost, damage or expense that said Union Mills, its successors or assigns, may incur or be held liable for or be called upon to pay by reason of any contract, agreement, liability, debt, or cause of action arising out of the ownership, management or operation by the Harder Knitting Company of the property conveyed by said Harder Knitting Company to Union Mills by deed and bill of sale of even date herewith.

"*In witness whereof* we have hereunto set our hands and seals this · 　day of November, 1901."

That agreement so prepared was sent by said attorneys to the attorneys representing the plaintiff at Hudson and at the time of passing the title to said real and personal property one of said attorneys for the plaintiff in charge of plaintiff's interests struck therefrom the words " Philip M. Harder and Homer L. Miller," and also the word " Philmont," and inserted therein in the first blank space in the first paragraph thereof the word " six" and interlined in place of the word " Philmont" the word " Mellenville," and added at the end of the first paragraph the words " By said William A. Harder, A. P. Pitcher and B. S. Johnson or either of them," and said agreement was duly signed by said Harder, Pitcher and Johnson.

The court found that " The agreement of November 14, 1901, was drawn up by representatives of the plaintiff in Boston, some parts were left blank and those places were filled in in the city of Hudson by the partner of Mr. Holsapple, who is an attorney and counselor at law.

" This paper was retained by the plaintiff, was produced by plaintiff's counsel upon the trial and introduced in evidence by the defendant."

The court refused to find that "At the time of the delivery of the Harder Knitting Company of the deed of the real estate and the bill of sale of the personal property of the Harder Knitting Company and at the time of the transfer of its stock the defendant William A. Harder together with A. P. Pitcher and Benoni S. Johnson executed and delivered to the plaintiff the Union Mills" the said agreement.

It was expressly provided in the contract of October 29 that the individual parties of the first part therein should *by a separate agreement* indemnify the party of the second part therein from any and all liens and liabilities against said knitting company and save the party of the second part therefrom. The payment of the consideration named in the contract of October 29 was dependent not only upon the execution and delivery of the deed or deeds and bill of sale, but of *every other instrument* for the proper conveyance of the property and for carrying out the covenants and agreements contained in said contract.

It is useless to discuss whether it was necessary to include all of the provisions of the contract of October 29 in the new agreement to accompany the deed and bill of sale to preserve them in force. It is usual and desirable to have the deed and bill of sale and other agreements, if any, include every covenant between the parties. The agreement of November 14 is of even date with the deed and bill of sale. It supplements the deed and bill of sale, and it was apparently intended by the draftsman that the three instruments would take the place of and consummate the contract of October 29.

The reference in the contract of October 29 to the business of Pitcher as carried on in Philmont was an error, and it was corrected in the agreement of November 14 by changing the place therein mentioned to Mellenville. Two other important changes were made by the agreement of November 14: 1. The promise in the contract of October 29 not to interfere with the management of the business of the Harder Knitting Company or with the help employed in its mill was in the agreement of November 14 extended to cover and relate to all of the business of the plaintiff in the city of Hudson. The change is obviously one for the benefit of the plaintiff. 2. The agreement not to carry on the manufacture of shirts and drawers as stated in the contract of October 29 was by the agreement of November 14 limited to six years.

The attorneys for the plaintiff may have concluded that in view of the fact that in their state contracts in restraint of

trade without specific limitations are frequently condemned by the courts that it was necessary or at least in the interest of the plaintiff to so limit the time in which the parties of the first part in the contract of October 29 were restrained as to avoid any question as to the legality of such restrictions. (See *Bishop* v. *Palmer*, 146 Mass. 469, and *Anchor Electric Co.* v. *Hawkes*, 171 Mass. 101.)

It is conceded that the contract was prepared by the attorneys for the plaintiff. That it was executed is also shown by undisputed evidence, and it is found by the court that it was retained by the plaintiff and produced by it on the trial of this action.

Where, as in this case, a contract is prepared by the party sought to be bound thereby pursuant to and in fulfillment of an express provision of a prior contract and other provisions are therein included wholly or in part for such party's benefit and such contract is executed and left with and retained by such party there is, in the absence of other evidence, a presumption that it was delivered to and accepted by the party on the day of its date. The refusal of the trial court to find that such contract was executed and delivered to the plaintiff at the time of the delivery by the knitting company of the deed and bill of sale to it was contrary to such presumption, and as the presumption was wholly uncontroverted it was error to refuse to make such finding. (*Koehler* v. *Hughes*, 148 N. Y. 507.)

The findings of the trial court upon the question of the execution and delivery of the contract of November 14 were contradictory and the appellant is entitled on this appeal to the most favorable of such conflicting findings. It was possible on the trial and it should be possible on a new trial to ascertain with certainty whether the agreement of November 14 was actually delivered to and accepted by the plaintiff in connection with the transfer of such real and personal property.

The judgment should be reversed and a new trial granted, with costs to abide the event, unless the plaintiff stipulate

within twenty days that the judgment be modified by inserting therein a provision that the injunction against the defendant William A. Harder and Harder Manufacturing Company prohibiting them from entering directly or indirectly in the manufacture of shirts and drawers in the city of Hudson or the county of Columbia be limited to six years from November 14, 1901, in which case the judgment as so modified should be affirmed, without costs to either party in this court.

CULLEN, Ch. J., HAIGHT, VANN and WILLARD BARTLETT, JJ., concur; GRAY and WERNER, JJ., dissent.

Judgment accordingly.