Henry Kennell, Respondent, *v.* George W. Rider and Another, Appellants.

Third Department, March 7, 1929.

*William D. Cunningham,* for the appellants.

*Lloyd R. Le Fever* [*Andrew J. Cook* of counsel], for the respondent.

Davis, J. The judgment here for review is one obtained by plaintiff against the parents of his wife for their alienation of her affections from him.

The plaintiff married the only child of defendants on October 12, 1925. Before he was married he was employed in a garage at Kingston. It was insisted by the defendants that they could not permit their daughter to leave their household, and the plaintiff must come to live with them in Saugerties. There employment was furnished him by his father-in-law. The parties to the marriage were each twenty-five years of age, and evidently were capable of living their own lives and making their own way in the world without immediate parental supervision.

That trouble and discord should arise under such conditions would not be unexpected. There is evidence from which the jury might fairly find that the plaintiff's life and affairs were to a large extent managed and controlled by his wife's parents. Soon it went farther; and the parents began accusing plaintiff in the presence of his wife of infidelity and misconduct. This did not promote harmony. Eventually, the father employed detectives to watch and follow plaintiff. The matter culminated in October, 1926. When plaintiff attempted to enter his home, a policeman and a State trooper were called; accusations were made against him; he was not permitted to see or talk to his wife; and was turned away to find his home elsewhere. An action for divorce was brought by his wife, but it was either discontinued or abandoned.

On the trial witnesses were called to testify on both sides. The issue was chiefly whether the acts of the defendants, or the conduct of the plaintiff resulting in a decision by the wife of her own volition, were the cause of the separation. We may assume from the verdict that the charges and accusations of misconduct on the part of the plaintiff were groundless; and that the separation resulted from over-officious interference and conduct legally malicious on the part of the parents.

Aside from the claim that the verdict was against the weight of evidence, which we do not need to discuss, the principal question presented on this appeal was an alleged error on the part of the court in failing to grant a request of the defendants' counsel to charge. The request is as follows: " I ask the court to charge that the motives of the defendants as parents in extending aid and assistance to their daughter are presumed to be good until the contrary is shown." This was a legal abstraction; the contrary had been shown. It was a phrase lifted almost bodily from the opinion in *Pollock* v. *Pollock* (9 Misc. 82, 85), where the court, on review, was discussing a case in which there had been practically no evidence of willful or malicious conduct on the part of the defendant.

A presumption of law, and sometimes a presumption of fact, may be a substitute for evidence. It makes a *prima facie* case. A presumption of fact is merely an inference drawn by a logical process of reasoning from observation, experience or other admitted facts. (*Justice* v. *Lang*, 52 N. Y. 323.) In the absence of any proof the presumption uncontradicted and undisputed is sufficient to give basis for a judgment. (*Union Mills* v. *Harder*, 191 N. Y. 483; *Lincoln Trust Co.* v. *Williams Building Corp.*, 229 id. 313, 319.) In this case the presumption in favor of defendants was not founded on any statute or long-established legal doctrine, but was an inference that a jury might draw from the common knowledge and

experience of mankind, in the absence of positive evidence to the contrary. It might and probably would remain in the minds of the jurors until overcome by evidence. Such a presumption is rebuttable; it may be rejected and disregarded, no matter how strong and persuasive is its character. (*Platt* v. *Elias*, 186 N. Y. 374.) When substantial evidence to the contrary is produced, the presumption disappears, and ceases to be a legal factor in the case. (*Potts* v. *Pardee*, 220 N. Y. 431, 433; *Rose* v. *Balfe*, 223 id. 481; *Plumb* v. *Richmond Light & R. R. Co.*, 233 id. 285; Wigm. Ev. §§ 2490, 2491.)

The learned trial court, in a charge unusually clear and explicit, stated the claims of the respective parties, the issues presented and the rules under which the plaintiff might recover, giving in detail the differentiation in the rule between the alienation of affections by parents and by strangers, quoting literally from the leading cases on the subject. The jury was informed that the burden of proof on all these issues was upon the plaintiff, and that he could not recover unless they found that the defendants had gone beyond the proper limits of parental care, rights and duties, and had acted wrongfully and with malice.

There was no occasion then for the court to restate a doctrine already fully covered but rephrased in this abstract form, unrelated to the case in which both parties had presented their evidence. Very likely it does no harm and little good to state legal platitudes to a jury; but in this case there was no harmful error in declining to charge as requested.

The judgment should be affirmed, with costs.

VAN KIRK, P. J., HINMAN and HILL, JJ., concur; HASBROUCK, J., dissents.

Judgment affirmed, with costs.