and Another, Copartners, Doing Business as WEISSMAN & RAPPS and Others, Respondents.— In view of the decision in *Peirson* v. *Lloyds First Mortgage Co.* (*post*, p. 833), decided herewith, it now appears on the reargument that the appellants Greater New York Export House, Inc., and McKiniry, receiver, were without standing in the action; therefore, the order dated August 28, 1933, on reargument, is unanimously affirmed, with costs. The appeal from the order dated August 14, 1933, is dismissed. No opinion. Present — Lazansky, P. J., Young, Kapper, Carswell and Davis, JJ.

ARTHUR L. PEIRSON and Others, Plaintiffs, v. LLOYDS FIRST MORTGAGE COMPANY, Defendant. In the Matter of the Application of J. IRVING WEISSMAN, for an Order Determining the Amount of and Enforcing His Attorney's Lien against the Judgment and the Proceeds Thereof Obtained by Him as Attorney; in Favor of the Plaintiffs in the Case of ARTHUR L. PEIRSON and Others, Plaintiffs, against LLOYDS FIRST MORTGAGE COMPANY, Defendant, Which Judgment Was Entered with the Clerk of the County of Kings, on the 30th Day of November, 1932. GREATER NEW YORK EXPORT HOUSE, INC., Intervenor, Appellant, and THOMAS MCKINIRY, as Receiver in Supplementary Proceedings of the Goods, Chattels and Credits of the Plaintiffs, Intervenor, and J. IRVING WEISSMAN, Claimant, JOSEPH I. WEISSMAN and Another, Copartners, Doing Business as WEISSMAN & RAPPS, Claimants, Respondents, FRANK WEINSTEIN and Another, Copartners, Doing Business as WEINSTEIN & LEVINSON, Claimants.— Order vacating and setting aside order dated December 19, 1932, granting leave to intervene affirmed, with ten dollars costs and disbursements. · No opinion. Lazansky, P. J., Kapper, Carswell, Scudder and Tompkins, JJ., concur.

MILES C. RABINOWITZ, Appellant, v. LOUIS SIEGEL and Z. L. R. HOLDING CORPORATION, Respondents.— Judgment unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Hagarty, Scudder, Tompkins and Davis, JJ.

MELVIN L. RUSSELL, Appellant, v. HOMER S. PACE, Respondent, and MABEL E. PACE, Defendant.— Order reversed on the law and the facts, with ten dollars costs and disbursements, and motion to vacate notice of examination denied, on the ground that no sufficient reason appears for not permitting the examination before trial of the defendant, respondent (except as to items 1 and 2). While the action is for alienation of affections, the parties defendant are respectively the father and mother of plaintiff's wife. Nothing of a scandalous nature is likely to develop on the examination; and there will be no temptation to use the evidence " for ulterior purposes " as is sometimes anticipated. (See *Wessel* v. *Schwarzler, No. 1,* 144 App. Div. 587.) In the exercise of discretion the court will permit examination in this type of cases where it is apparent that there is no ulterior purpose and that evidence necessary to establish plaintiff's case is in the possession of the defendants; and that the trial will be facilitated by such examination. In this case stronger evidence is required than where the defendant is not a relative. (See *Kennell* v. *Rider,* 225 App. Div. 391; affd., 252 N. Y. 602.) The examination is to proceed at the place named five days after the entry of the order. Lazansky, P. J., Young, Hagarty and Davis, JJ., concur; Kapper, J., dissents and votes to affirm.

ZITA SCHACHTER, an Infant, by BENJAMIN B. SCHACHTER, Her Guardian ad Litem, and Another, Respondents, v. BROOKLYN BUS CORPORATION, Appellant.— Order granting plaintiffs' motion for an examination before trial affirmed, with