MARGARET McGUIRE, Appellant, *v.* AUBURN SAVINGS BANK, Respondent.

*Interpleader of adverse claimants to a savings bank account — proof to support the claim of the person sought to be interpleaded — section 115 of the Banking Law more liberally construed than section 820 of the Code of Civil Procedure.*

Where an application is made for an order of interpleader under section 115 of the Banking Law (Laws of 1892, chap. 689), providing: "In all actions against any savings bank to recover for moneys on deposit therewith, *if there be any person or persons not parties to the action who claim the same fund*, the court in which the action is pending *may*, on the petition of such savings bank, and upon eight days notice to the plaintiff and such claimants, *make an order* amending the proceedings in the action by making such claimants parties defendant thereto; and the court shall thereupon proceed to determine the rights and interests of the several parties to the action in and to such funds," there is no fixed rule that the savings bank shall, as a condition of obtaining the desired relief, be required to furnish proof tending to support the claim of the person whom it seeks to have interpleaded; that matter is addressed to the discretion of the court.

The discretionary power possessed by the court to grant orders of interpleader should be more liberally exercised, where the application is made under section 115 of the Banking Law, which relates specially to savings banks, than where the application is made under section 820 of the Code of Civil Procedure, which relates to actions generally.

APPEAL by the plaintiff, Margaret McGuire, from an order of the Supreme Court, made at the Cayuga Special Term and entered in the office of the clerk of the county of Seneca on the 18th day of July, 1902, directing that John A. Murphy, as administrator, etc., of Mary Murphy, deceased, be substituted in the place of the Auburn

Savings Bank as party defendant in the action, and that the said bank hold the funds in suit to await the determination of the court as to the ownership thereof.

*William S. MacDonald,* for the appellant.

*Frederic E. Storke,* for the respondent.

WILLIAMS, J. :

The order should be affirmed, with ten dollars costs and disbursements.

The action was to recover the amount of a deposit made by Mary Murphy, who is deceased, in the defendant savings bank. The deceased died December 20, 1900. On that day some person presented to the bank the pass book of deceased with an order purporting to have been signed by her for the payment of the fund to one Bridget LaFleur, and requested the transfer of the fund to the account of LaFleur, and the bank thereupon made the transfer. The plaintiff claims that the order was signed by deceased, and delivered with the bank book to LaFleur for the purpose of transferring the fund to her ; that LaFluer thereafter and in May, 1901, assigned and transferred the fund to the plaintiff, and that she is the owner thereof. In January, 1901, before the transfer to the plaintiff, the administrator of deceased's estate made claim to the fund as the owner thereof, and demanded payment of the same from the bank, and later and before the commencement of this action gave notice in writing of his claim of title to the fund, and forbade the bank to pay it to the plaintiff. The plaintiff commenced this action December 10, 1901. Thereafter and on January 24, 1902, the administrator served upon the bank another written claim to the fund with his affidavit annexed, wherein he stated that he was husband of the deceased at the time of her death ; that he was informed and believed that the deceased was the owner of the fund when she died, and wherein he denied that any transfer thereof was legally made by her in her lifetime to LaFleur, or that LaFleur ever became legally or rightly the owner or entitled to the possession of the fund, and wherein he stated upon information and belief that deceased did not, as claimed by LaFleur, make any present of the fund to her, or transfer the same to her, and wherein he stated that he had fully and fairly

stated the case with reference to the fund to his counsel, and that he had a good cause of action on the merits against the bank to recover the fund, as he was advised by counsel after such statement, and verily believed; that he had instructed his counsel to bring action against the bank, or take such other proceedings as they should think best to recover the fund from the bank, and that he intended in good faith to bring such suit unless some other means could be afforded to accomplish the same object. The bank thereupon applied for the order appealed from, upon its petition verified by its treasurer, which showed the facts hereinbefore stated, and that the bank had no knowledge or information sufficient to form a belief as to the existence of any facts which would enable it to determine with safety the merits of the controversy as to the fund between plaintiff and such administrator, or as matter of law which of the parties was entitled to the fund. The petition also showed the willingness of the bank to pay the fund to the party entitled to it, etc. Upon the hearing no affidavits or papers of any kind were read in behalf of the plaintiff, and thereupon the order was made pursuant to section 115 of the Banking Law of the State (Laws of 1892, chap. 689).

The plaintiff claims the order was improperly granted upon the showing made in the moving papers. No objection is made to the terms of the order disposing of the fund during the pendency of the action, or discontinuing the action as to the bank, if the provision bringing the administrator in as a party defendant is upheld. The contention of the plaintiff is that the bank was not entitled to the relief under the section referred to, unless it gave some proof to sustain the claim made by the administrator.

The language of this section is as follows: " In all actions against any savings bank to recover for moneys on deposit therewith, *if there be any person or persons not parties to the action who claim the same fund,* the court in which the action is pending *may,* on the petition of such savings bank, and upon eight days notice to the plaintiff and such claimants, *make an order* amending the proceedings in the action by making such claimants parties defendant thereto; and the court shall thereupon proceed to determine the rights and interests of the several parties to the action in and to such funds."

The section is applicable to savings banks only, and its language is plain and specific. There is no requirement that the bank shall assume the burden of giving proof to sustain the claim made, as a condition of having the benefit of the section. It is only required to show that a claim is made, and then the court has power and is called upon to exercise the discretion conferred upon it by the statute. The discretion is, however, a judicial one, and is not to be arbitrarily exercised. All further showing as to the claim, besides the fact that it is made, is addressed to the discretion of the court and the proper exercise thereof. Whether it should be exercised in favor of the bank in any case will depend upon the facts in that particular case. There should be no fixed rule that the relief be denied, unless the bank gives some proof to support the claim. If, as contended by the plaintiff here, the bank were required to give such proof, the section would often be of no value in cases where it was most needed, because the claimant might refuse absolutely to disclose its proofs in advance of the trial for the benefit of the plaintiff. In this case the controversy is apparently to be confined to the question of the giving of the order to LaFleur. It may be claimed the signature of the deceased is a forgery, or that deceased was incompetent to make the order, or was induced to do so by fraud or undue influence. The claimant does not disclose in his affidavit just what his theory will be, or what evidence he has to support it, and may well decline to do so, in advance of the trial, even for the purpose of this motion. He states on his information and belief that the order was not given so as to transfer any title to the fund. He was the husband of the deceased, and it appears that the deceased died the same day that the order and book were presented to the bank and the transfer made by it to LaFleur. Where the husband was when the order was made, where he was when his wife died, what he knows about her condition of mind or her relations with LaFleur, *or* about the alleged signing or delivery of the order he does not disclose. He *does* say, under oath, however, that he claims title to the fund, and he in good faith intends to take proceedings to recover it and will sue the bank, and has instructed his attorneys to do so, unless afforded some other means of recovering the fund, and then the bank states upon the oath of its treasurer that it has no knowledge or information as to the existence of any

facts which will enable it to determine with safety the merits of the controversy between the plaintiff and the administrator, or which is entitled to the fund. And to all this the plaintiff makes no answer whatever.

There can be no doubt upon this showing that the court was authorized to exercise its discretion in favor of the bank, and to make the order. The object of this statute is to relieve these savings banks from two or more litigations over the same deposit, with all the expense attending the same, and the danger of having to pay the amount of the deposit to two or more different persons. A recovery by one claimant would be no bar to a recovery of the same deposit by as many others as might severally claim the same. If the court is satisfied that there will be other suits brought by the claimants against the bank, unless they are brought into the suit already pending, should the relief be denied because the claims made are not shown by the bank to be good ones? It should be made to appear by some evidence that there is hazard and danger to the bank in paying to the plaintiff in view of the claim made by the third party, but such evidence need not of necessity be directed to the sustaining of the claim. There seems to be no doubt in this case that the administrator persistently claims this fund and will have his day in court and seek to recover the same. The court very properly upon the showing made by the defendant, in the absence of any showing on the part of the plaintiff to the contrary, concluded that such hazard and danger existed and ordered that the claimant be brought into this action and compelled to meet his adversary here.

The one claims the order was a good transfer of the fund to the LaFleur woman, the other denies this. No one else has any interest in this controversy but these parties. They should be compelled to settle it between themselves. The bank should not be compelled to litigate it with each in separate actions, with the hazard and danger that both parties might succeed and the bank be compelled to pay the same fund twice over. There may undoubtedly be cases where the claim of the third party is shown to be so devoid of merit as to call upon the court to refuse its discretion in favor of the bank. Such a case was the one cited by the plaintiff. (*Steiner* v. *East River Savings Institution,* 60 App. Div. 232.) The bank there showed

merely that a claim was made by a third party. In answer to the application the plaintiff showed conclusively that the claim was entirely unfounded. No answer was made by the bank to this showing. The court at Special Term made the order, which the Appellate Division reversed by a divided court, on the ground that the discretion was improperly exercised. The court in the prevailing opinion said : " Not only has the defendant failed to furnish the necessary facts to support a real or supposed claim, but the plaintiff has shown in affidavits uncontradicted and not replied to, that by the order of his appointment the receiver of the ' Order of Chosen Friends ' (the claimant), is entitled to a relief or mortuary fund only, and it is made to appear affirmatively that the money on deposit with the defendant is not part of a relief or mortuary fund. Under such circumstances the plaintiff should not be embarrassed in the enforcement of its demand arising under a direct contract with the defendant." There seemed to be some doubt whether that application was made under section 820 of the Code or section 115 of the Banking Law. The section of the Code is a general provision for interpleader in actions, while the section of the Banking Law is a special provision for savings banks only. The language of the two provisions is not the same, but in each the relief is dependent upon the exercise of the discretion of the court. The provisions are similar it is true, but it would seem that such discretion should be more liberally exercised under the Banking Law than under the Code, because the Legislature saw fit to make a provision solely for the benefit of the savings banks of the State. The hazards and dangers growing out of the contesting claimants to deposits in these banks are greater than those growing out of controversies as to other debts and properties, and the losses would fall upon the other depositors.

Our attention is called to no other cases than the *Steiner* case arising under section 115 of the Banking Law. There are many cases arising under section 820 of the Code, decided in the New York General Term and Appellate Division, but they were determined upon the particular facts appearing in those cases, and even if by analogy they are to be regarded as applicable to cases under section 115 of the Banking Law they are not, we think, decisive of the case we are here considering.

Our conclusion is that the discretion of the Special Term here was properly exercised, and the order appealed from should be affirmed, with ten dollars costs and disbursements.

ADAMS, P. J., SPRING, HISCOCK and DAVY, JJ., concurrred.

Order affirmed, with ten dollars costs.