(99 App. Div. 25)

### GIFFORD v. ONEIDA SAV. BANK.

(Supreme Court, Appellate Division, Third Department. November 16, 1904.)

1. SAVINGS BANKS—DEPOSITS—ADVERSE CLAIMS—INTERPLEADER.
> Banking Law, § 115 (Laws 1892, p. 1896, c. 689), providing that in all actions against any savings bank to recover deposits, if there be any person, not a party, who claims the fund, the court may, on petition of said bank, make an order amending the proceedings by making such claimant a party defendant, and the court shall determine the rights of the several parties, has no application where persons claiming the funds in suit have only a future interest, and not a present right to the funds.

Appeal from Special Term, Madison County.

Action by William E. Gifford against the Oneida Savings Bank. From an order directing certain persons to be made parties defendant in the action, plaintiff appeals. Reversed.

William Roberts died in January, 1896. He left, him surviving, a widow, Fannie L. Roberts, and four children, one of whom is Emma Gifford, the wife of this plaintiff. In the decedent's will Fannie L. Roberts, his widow, was

given "the use, rental, profits, occupation and control of all my real estate, and likewise of all my personal property during her natural life." After her death, certain allowances and the remainder were given to his children, Elmer E. Roberts, Chauncey A. Roberts, and Martha A. Lea. Fannie L. Roberts was named as the sole executrix of the will. She qualified as such executrix, and among the assets of the estate was a deposit in the defendant savings bank. Further moneys were received by the executrix as moneys of the estate, and deposited to her personal account. Upon the 7th day of July, 1903, she withdrew from her account as executrix the sum of $720.81, and deposited the same to her personal account in the said bank. Thereafter, upon the 29th day of October, 1903, she caused to be withdrawn from her personal account in the defendant bank the sum of $700, and caused the same to be deposited to the account of her daughter, Emma Gifford, in the said bank, and she obtained therefor a passbook of the bank, which she delivered to the said Emma Gifford. The evidence is to the effect that she was personally owing Emma Gifford and this plaintiff, who is the husband of Emma Gifford, the amount of this deposit. At that time Emma Gifford also had in said bank a deposit of about $200. While this money was upon deposit in the defendant bank to the credit of Emma Gifford, the other children of William Roberts gave notice to the bank that these moneys were the moneys of the estate, and could not lawfully be transferred by the executrix. Thereafter, upon demand of Emma Gifford, the bank gave to her two drafts—one of $104.32, upon the Oneida National Bank, which was thereafter paid; the other was the one of $800, upon the Morton Trust Company. Before this $800 draft was presented, payment thereupon was stopped, and William Gifford, this plaintiff, as assignee of said draft, brought this suit against the savings bank for the payment of the moneys represented thereby. Thereupon the savings bank made a motion at Special Term under section 115 of the banking law (Laws 1892, p. 1896, c. 689) to bring into this action the other children of the said William Roberts, deceased, and Fannie Roberts as executrix. This motion was granted. From the order granting this motion this plaintiff here appeals.

Argued before PARKER, P. J., and SMITH, CHASE, CHESTER, and HOUGHTON, JJ.

Edwin J. Brown, for appellant.
E. L. Hunt, for respondent.

SMITH, J. The determination of this controversy depends upon the construction properly given to section 115 of the banking law (Laws 1892, p. 1896, c. 689). The part of the section material to the controversy reads as follows:

"In all actions against any savings bank to recover for moneys on deposit therewith, if there be any person or persons not parties to the action who claim the same fund, the court in which the action is pending may, on the petition of such savings bank, and upon eight days' notice to the plaintiff and such claimants, make an order amending the proceedings in the action by making such claimants parties defendant thereto, and the court shall thereupon proceed to determine the rights and interests of the several parties to the action in and to such funds."

In McGuire v. Auburn Savings Bank, 78 App. Div. 26, 79 N. Y. Supp. 93, in speaking of this statute, Justice Williams, in the opinion, says:

"The object of this statute is to relieve these savings banks from two or more litigations over the same deposit, with all the expense attending the same, and the danger of having to pay the amount of the deposit to two or more persons. A recovery by one claimant would be no bar to a recovery of the same deposit by as many others as might severally claim the same."

To the notice of claim served upon the bank by the children of William Roberts, deceased, was attached the will of William Roberts as explaining the nature of their claim. From that will it appears that Fannie L. Roberts was the executrix of the will, and, with the life use of the property, has the legal title and control of this property. The interest of these other children is purely a future interest, which gives to them no present right whatever to the possession of these funds. The section of the banking law under which this order was made provides that these moneys may either be deposited in court or may be held by the bank "to the credit of the action until final judgment therein, and the same shall be paid by such savings bank in accordance with the order of the court." No notice of claim has been served upon the bank by Fannie L. Roberts. Upon the facts appearing before the Special Term the judgment must of necessity give these moneys to her, the executrix, or to her assignee, this plaintiff. These other children who make claim to the bank have no present right to the deposit, and the bank can incur no liability to them while acting under the direction of one to whom the will has given the present title and control of the property. A claim against the bank by those having only a future interest is not such a claim as is contemplated by section 115 of the banking law, and the order below was therefore unauthorized, and must be reversed.

Order reversed, with $10 costs and disbursements. All concur.