(61 Misc. Rep. 650.)

### RABBE v. ASTOR TRUST CO.

(Supreme Court, Appellate Term. January 8, 1909.)

1. CORPORATIONS (§ 523*) — EXECUTION — SUPPLEMENTARY PROCEEDINGS — APPOINTMENT OF RECEIVER.

The provision of Code Civ. Proc. § 2463, making chapter 17, tit. 12, art. 1, relating to supplementary proceedings, inapplicable where the judgment debtor is a corporation, having been eliminated by Laws 1908, p. 766, c. 278, the title applies to corporations, and hence section 2464, authorizing appointment of a receiver, when considered with section 1810 et seq., relating to receivership of corporations, authorizes the appointment of a receiver for a judgment debtor corporation.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. § 2129; Dec. Dig. § 523.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. RECEIVERS (§ 178*)—ACTIONS—PARTIES.

In an action by the receiver of a judgment debtor corporation to reach money deposited in defendant bank to the corporation's credit, the corporation was not a necessary party defendant; title to its property being vested in the receiver.

[Ed. Note.—For other cases, see Receivers, Dec. Dig. § 178.*]

3. RECEIVERS (§ 59*)—APPOINTMENT—REGULARITY—COLLATERAL ATTACK.

A complaint by a receiver of a judgment debtor corporation appointed in supplementary proceedings, alleging his due appointment to reach money in defendant's hands, is not bad for failing to allege that the judgment was duly recovered, since a third party cannot in a collateral proceeding raise an issue as to the regularity of proceedings previously taken by the creditor against the debtor; it being sufficient as to him that the receiver was duly appointed.

[Ed. Note.—For other cases, see Receivers, Cent. Dig. §§ 103, 104; Dec. Dig. § 59.*]

Appeal from City Court of New York.

Action by Henry F. Rabbe, as receiver for L. R. Williams, against the Astor Trust Company. From an interlocutory judgment overruling a demurrer to the complaint, defendant appeals. Affirmed, with leave.

Argued before GILDERSLEEVE, P. J., and BISCHOFF and GUY, JJ.

White & Case, for appellant.
Abraham H. Sarasohn, for respondent.

GUY, J. The complaint sets forth that on or about the 17th day of December, 1906, one Green obtained a judgment against a domestic corporation, called "L. R. Williams & Co."; that a transcript of said judgment was thereafter duly filed in the office of the clerk of the county of New York, execution issued thereon, and returned unsatisfied. The complaint further alleges that the assignee of said judgment on the 16th day of September, 1908, obtained the appointment of the plaintiff as receiver of the said corporation by one of the justices of the City Court; that plaintiff duly qualified as such receiver, and was authorized to commence this action. The complaint also alleges that the said corporation opened and had an account in the Astor National Bank, and that money to the credit of the said corporation was deposited with said bank. The defendant, Astor Trust Company, succeeded to the above named bank, and the said account was transferred.

The demurrer assigns the following grounds:

"First. That the court has no jurisdiction of the subject of this action, in that it was without jurisdiction to appoint a receiver of a domestic corporation in supplementary proceedings.

"Second. That the plaintiff has not the legal capacity to sue, in that the court appointing the receiver had no jurisdiction to make such appointment, and the plaintiff has no right to maintain the action herein.

"Third. That there is a defect of parties defendant in that Dr. L. R. Williams, a corporation, should be a party defendant.

"Fourth. That the complaint does not state facts sufficient to constitute a cause of action against this defendant."

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

The first and second may be considered together. Section 2463 of the Code of Civil Procedure is so amended by chapter 278, p. 766, Laws 1908, that it withdrew therefrom the exception created in favor of domestic or foreign corporations, and brought the corporation of which the plaintiff is the receiver within the rule laid down in Logan v. McCall Publishing Company, 140 N. Y. 447, 35 N. E. 655:

"The only limitation upon the right to take proceedings supplementary to execution against any class of debtors is contained in section 2463."

This limitation having been removed, all the sections of title 12 of chapter 17 and the articles thereunder must apply. By section 2464 the judge may make an order appointing a receiver of the property of the judgment debtor. Section 1810 et seq. and section 2464 must be read together, and, where a judgment has been recovered, there can be no reason for creating an exception in favor of a corporation. In fact, the only exception was expressly removed by legislative enactment.

The other grounds raised by the demurrer are not well taken. The judgment debtor is not a necessary party defendant. The title to the property, so far as he has any interest therein, is vested in the receiver. The contention that the failure to allege that the judgment recovered upon which the receiver in this action was appointed was duly recovered is not controlling here, as this action is by the receiver, who has alleged his due appointment. A third party will not be allowed in a collateral proceeding to raise an issue as to the regularity of the proceeding heretofore taken by the judgment creditor against the judgment debtor. It is sufficient as to him that the receiver was duly appointed. Wright v. Nostrand, 94 N. Y. 31.

Judgment affirmed, with costs, with leave to defendant to plead over upon payment of costs in this court and the court below within six days. All concur.