JENNIE A. SCHEFFER, Appellant, v. ERIE COUNTY SAV-
INGS BANK, Respondent.

**Savings banks — payment of deposits to assignees or donees
of depositors — bank has no power to refuse payment when
assignee or donee has proved title to deposit.**

The Banking Law (Cons. Laws, ch. 2, § 248, subd. 1) provides
that " the sums deposited with any savings bank, * * * shall
be repaid to the depositors thereof respectively, or to their legal
representatives, after demand, in such manner and at such times,
and under such regulations, as the board of trustees shall prescribe,"
and a by-law of a savings bank, adopted in pursuance of the statute,
provides that " on the decease of any depositor, the amount to the
credit of the deceased shall be paid to his or her legal representative
when legally demanded," but these provisions should not be construed
to mean the payment will never be made to any one else, and that
gifts or assignments may safely be ignored. Where, therefore, a
depositor of a savings bank made a gift to plaintiff, and in an action
to compel the savings bank to pay to plaintiff the amount of the deposit
after the donor's death, the trial court found the gift but refused to
enforce payment, the decision is erroneous and must be reversed. Put
to the proof, the plaintiff made good her title; and, found to be the
owner, she has been refused the remedies that go with ownership.
(*Mahon* v. *South Brooklyn Savings Institution*, 175 N. Y. 69,
distinguished.)

*Scheffer* v. *Erie Co. Savings Bank*, 184 App. Div. 930, reversed.

(Argued April 19, 1920; decided May 4, 1920.)

APPEAL from a judgment of the Appellate Division of
the Supreme Court in the fourth judicial department,
entered June 18, 1918, affirming a judgment in favor of
defendant entered upon a dismissal of the complaint by
the court at a Trial Term, a jury having been waived.

The nature of the action and the facts, so far as mate-
rial, are stated in the opinion.

*August Becker* and *Elmer Stengel* for appellant. The
gift of the money in the bank vested irrevocably the title
to the fund in the plaintiff and upon proof of the gift she

is entitled to maintain an action against the bank to
recover the amount. (*Wetherow* v. *Lord*, 41 App. Div.
413; *McGuire* v. *Murphy*, 107 App. Div. 104.) The by-
laws of the defendant bank cannot bar the plaintiff's
right to recover. (*Podmore* v. *S. B. Sav. Inst.*, 48 App.
Div. 218; *Kelley* v. *Buffalo Sav. Bank*, 180 N. Y. 171.)
The administrator is not a necessary party to an action
to recover the fund and the defendant cannot take advan-
tage of the absence of such administrator to resist pay-
ment of the deposit to one who conclusively establishes
her title by virtue of a gift. (Code Civ. Pro. § 499;
*Seligman* v. *Friedlander*, 199 N. Y. 373; *Jones* v. *Gould*,
200 N. Y. 18; *Stiefel* v. *Berlin*, 28 App. Div. 103; *Mitten-
dorf* v. *N. Y. & H. R. R. Co.*, 58 App. Div. 260; *B. &
O. R. R. Co.* v. *Arthur*, 90 N. Y. 234; *Mars* v. *Albany
Sav. Bank*, 64 Hun, 424; *Fowler* v. *B. S. Bank*, 113 N. Y.
450; *Cosgriff* v. *H. C. Sav. Inst.*, 24 Misc. Rep. 4.)

*Helen Z. M. Rodgers* and *Adelbert Moot* for respondent.
Defendant properly refused to pay over the deposit to
the plaintiff. (Cons. Laws, ch. 2, § 248; *Podmore* v. *S. B.
Sav. Inst.*, 48 App. Div. 218; *Mahon* v. *South Brooklyn
Sav. Inst.*, 175 N. Y. 69, 72; *Farmer* v. *Manhattan Sav.
Inst.*, 60 Hun, 462; *Glennan* v. *Rochester T. & S. D. Co.*,
209 N. Y. 12; *Hoffman* v. *U. D. Sav. Inst.*, 95 App. Div.
329.) The finding of the court in this action, that there
was a valid gift of the deposit from the decedent to the
plaintiff, would not protect defendant in a subsequent
action brought by a legal representative of Eliza M.
Collins. (*Podmore* v. *South Brooklyn Sav. Inst.*, 48 App.
Div. 218; *Mahon* v. *S. B. Sav. Inst.*, 175 N. Y. 69; *Farmer*
v. *Manhattan Sav. Inst.*, 60 Hun, 462; *Hoffman* v. *Union
Dime Sav. Inst.*, 95 App. Div. 325; *Forbes* v. *Halsey*, 26
N. Y. 53; *Otis* v. *Williams*, 70 N. Y. 208; *Blair* v. *Flack*,
141 N. Y. 53; *Matter of Turner*, 34 Misc. Rep. 366; *Weeks*
v. *Weeks*, 16 Abb. N. C. 143; *McGuire* v. *Auburn Sav.
Bank*, 78 App. Div. 22.)

CARDOZO, J.  Eliza M. Collins in her lifetime was a depositor in the defendant's savings bank.  Before her death, which occurred on June 20, 1917, she made a gift to the plaintiff of the amount of the deposit.  The trial judge found the gift, but refused to enforce payment, after the death of the depositor, at the suit of the donee. Provisions of the Banking Law and of the by-laws of the savings bank were thought to justify the refusal.  The Banking Law says (Consol. Laws, ch. 2, sec. 248, subd. 1): "The sums deposited with any savings bank,  *  *  * shall be repaid to the depositors thereof respectively, or to their legal representatives, after demand, in such manner and at such times, and under such regulations, as the board of trustees shall prescribe."  The by-laws say: "On the decease of any depositor, the amount to the credit of the deceased shall be paid to his or her legal representatives when legally demanded."  These provisions have been construed to mean that payment will never be made to any one else, and that gifts or assignments may safely be ignored.

We think that statute and by-law have no such purpose or effect.  The provision for payment to the legal representatives on the death of the depositor is like the statement, common in legal documents, that the representatives shall be bound by the obligation of a contract.  It is not a limitation on the exercise of the power of assignment.  It is the cautious expression of a duty which, without it, would be presumed (*Kernochan* v. *Murray*, 111 N. Y. 306, 308).  If statute and by-law mean what the defendant says, a formal instrument of transfer, signed and acknowledged, would be as ineffective as an informal gift.  We cannot deduce such consequences from language so uncertain.  The gift of the deposit made the plaintiff the owner of a chose in action (*Ridden* v. *Thrall*, 125 N. Y. 572).  One of the incidents of such ownership is the right to collect the chose in action, and thus reduce it to possession.  We see no reason to believe

that this right is less available against savings banks than it is against other debtors. By-law and statute must speak more clearly before ownership will be shorn of one of its important incidents.

*Mahon* v. *South Brooklyn Savings Institution* (175 N. Y. 69), relied on by the defendant, holds nothing to the contrary. There the bank paid the wrong person. It claimed itself exempt from the consequences of its error by force of a by-law which provided that payments should be valid if made upon the production of the pass book. We held the by-law limited to payments so made during the life of the depositor. There was no suggestion that the bank would have been at fault if the custodian of the book had been also a donee. Indeed, the whole opinion involves the contrary assumption (Cf. *Podmore* v. *So. Brooklyn Savings Inst.*, 48 App. Div. 218; *Kelley* v. *Buffalo Savings Bank,* 180 N. Y. 171). The case went against the bank because it yielded to the claim of a mere custodian without title. Closer in principle to this case is *Ridden* v. *Thrall* (*supra*). There a by-law of the bank provided that drafts, if not made by the depositor personally, should be authenticated by power of attorney (125 N. Y. at p. 578. Cf. *Wetherow* v. *Lord,* 41 App. Div. 413, 415; *Pierce* v. *Boston Savings Bank*, 129 Mass. 425; Morse on Banks & Banking [Ed. Michie], sec. 129). We held that this by-law did not justify resistance to the demand of a donee.

The defendant is in the same position as any other debtor of whom payment is demanded by one who asserts a title as assignee. It pays at its peril (*Mahon* v. *So. Brooklyn Savings Inst.*, *supra*), but so does any other debtor responding to a like demand (*Nassau Bank* v. *Yandes*, 44 Hun, 55, 58). If it doubts the assignment, and finds an adverse claimant, it may compel the claimants to interplead, and fight their battle between them, selves (Banking Law, sec. 250, subd. 1; *Gifford* v. *Oneida Savings Bk.*, 99 App. Div. 25; *DuBois* v. *Union Dime*

*Sav. Inst.*, 89 Hun, 382. Cf. Code Civ. Pro. sec. 2589). If it is unwilling to interplead, or if the adverse claimant is not found, it must put the plaintiff to the proof, and wage the contest as it can. Put to the proof, this plaintiff has made good her title. Found to be an owner, she has been refused the remedies that go with ownership. We think they may be withheld no longer.

The judgment of the Appellate Division and that of the Trial Term should be reversed, and judgment ordered for the plaintiff as prayed for in the complaint, with costs in all courts.

HISCOCK, Ch. J., CHASE, COLLIN, POUND, CRANE and ANDREWS, JJ., concur.

Judgments reversed, etc.