PHILIP J. DUNN, as Receiver of ANTON SHISKO, Plaintiff, *v.* SEAMEN'S BANK FOR SAVINGS OF THE CITY OF NEW YORK, Defendant.

City Court of the City of New York, April, 1922.

**Savings banks — lost book — unless by-law so provides bank cannot exact bond as condition for paying deposit to owner.**

Neither the provision of the Banking Law to the effect that no savings bank shall pay any deposit unless the passbook of the depositor be presented nor a by-law of a savings bank to the same effect is an arbitrary condition which must be complied with at all hazards.

Where circumstances render the production of the passbook impossible and reasonable excuse for failure to present it is shown the depositor is entitled to receive his money.

Where a savings bank passbook has been lost or cannot be produced the bank in the absence of a by-law making the furnishing of a bond a prerequisite to the payment of a deposit, is without power to impose such a condition.

Where in an action by a receiver in supplementary proceedings to recover a savings bank deposit standing in the name of the judgment debtor, the proof is that after diligent search neither the passbook nor the debtor can be located, the plaintiff is entitled to judgment.

ACTION to recover a bank deposit.

*Lippman & Sachs*, for plaintiff.

*Cadwalader, Wickersham & Taft*, for defendant.

Walsh, J.   Plaintiff, as receiver of the property of Anton Shisko, a judgment debtor, brings this action against the defendant savings bank to recover the amount of money on deposit with said bank in the name of the judgment debtor.   It is conceded that there is on deposit with the bank the sum of $821.10 to the credit of one Anton Shisko, but defendant resists payment on the ground that plaintiff has failed to identify the depositor with the judgment debtor, and on the further ground that it is not obliged to pay said sum unless there be a compliance with the provision of the Banking Law and the by-laws of the bank requiring the presentation of the passbook at the time payment is requested, which by-laws were printed in the passbook given to the depositor at the time the account was opened.   Defendant claims further that, in the event it be found that plaintiff is entitled to judgment, he should be required to furnish a bond for the protection of the bank.   The facts presented sufficiently identify the judgment debtor as the depositor, and, accordingly, it is found that said depositor and the judgment debtor are one and the same person.   It is now settled that neither the provision of the Banking Law, to the effect that no savings bank shall pay any deposit unless the passbook of the depositor be presented, nor a by-law of a savings bank to the same effect, is an arbitrary condition which must be complied with at all hazards, but that the depositor is entitled to receive his money where circumstances render the production of the book impossible and where reasonable excuse for the failure to present the same is shown.   *Meighan* v. *Emigrant Industrial Savings Bank*, 168 App. Div. 542; affd., 222 N. Y. 578.   In the case at bar the proof discloses that diligent search has been made for both the book and the debtor, but that neither could be located.   Under such circumstances the duty devolves upon the bank to pay.   And as the judgment debtor's property, so far as he has any interest therein, is vested in the receiver (*Rabbe* v. *Astor Trust Co.*, 61 Misc. Rep. 650), the plaintiff receiver stands in the shoes of the debtor so far as the deposit is concerned and is the person entitled to receive such payment.   Inasmuch as my attention has not been called to any provision in the bank's by-laws making the furnishing of a bond a prerequisite to the payment of a deposit where the book is lost or cannot be produced, the bank is without power to impose such condition, nor can the court now render its judgment so conditioned.   See *Mierke* v. *Jefferson Co. Savings Bank*, 208 N. Y. 347.   Judgment for plaintiff, with ten days' stay and thirty days to make a case.

Judgment accordingly.