CHARLES HELD, Plaintiff, *v.* BLANCHE FRITZWALD, Defendant.

City Court of New York, New York County, May 6, 1932.

*Gold & Maran,* for the plaintiff.

*Tanner, Sillocks & Friend,* for the Union Dime Savings Bank.

NOONAN, J.    This is a motion by the judgment creditor to compel the Union Dime Savings Bank, as third party, to turn over to a receiver, appointed in the proceeding, certain moneys standing to the account of the judgment debtor in the bank conducted by the third party.    The name of the judgment debtor is Blanche Fritzwald.    The bank is willing to pay the balance on said account to the person justly entitled to receive the same upon such person complying with the regulations of the bank, which require the surrender of the pass book and the presentation of a properly signed draft.    Notice of this application was not served on the judgment debtor.    The bank was served with two third party orders.    The first third party order was served on the bank on or about November 19, 1931, and the second was served on or about February 3, 1932. A person by the name of Blanche Fritzwald had a savings account with the bank.    Subsequent to the service of the third party orders, Blanche Fritzwald, on January 4, 1932, appeared at the bank and withdrew eighty dollars from her account.    This was paid by the bank despite the restraining clause in the third party order, owing to the inadvertence of a clerk.    The bank, however, is willing to stand the loss and to maintain the entire account intact subject to the direction of the court on this application.    Although the depositor appeared at the bank in January of this year, it is claimed by the judgment creditor that she cannot be found at her last known residence, and that reasonable efforts have been made to serve her there and elsewhere without result.    On the argument counsel for the bank admitted that the bank also had sought the whereabouts of its depositor without success.    Under such circumstances, can this application be granted and the bank be compelled to pay over the moneys without the production of the pass book and the signature of the depositor on the draft?    Does the receiver stand in any better position than the judgment debtor?    If the latter sought to withdraw her funds, she would be obliged to comply with the bank's regulations.    The bank claims, I think rightfully so, that it does not know whether the judgment debtor in this proceeding and its depositor are one and the same person.    The judgment creditor says that the identity of the two persons has been established, and points to the following as stated in a supporting affidavit on this

motion verified by one of the attorneys for the judgment creditor: " Before the bank tied up the money under the third party order, there was submitted to the bank the signature of the judgment debtor, and the bank's representative agreed that the signature of the judgment debtor herein, and the signature on the deposit card, were the same, and that the judgment debtor and the person who had the money on deposit with the said Union Dime Savings Bank are one and the same person." Who submitted the signature of the judgment debtor to the bank? Was it the affiant? Who was the bank's representative that agreed that the signatures were identical? Upon what paper or document was the signature of the judgment debtor shown to the bank? It is quite evident that the proof of the identity of the parties is not sufficient.

Motion denied. Order signed.