KENNETH McCABE, as Receiver of the Property of STELLA PARETTI, Plaintiff, *v.* UNION DIME SAVINGS BANK, Defendant.

Municipal Court of New York, Borough of Manhattan, Ninth District, January 17, 1934.

*Frank Ciraolo*, for the plaintiff.

*Tanner, Sillcocks & Friend* [*Maurice E. Kinnan* of counsel], for the defendant.

GENUNG, J.   Gianbattista Perazzo recovered a judgment against Stella Paretti based upon Perazzo's claim for funeral expenses in the burial of Ermelinda Paretti, the mother of Stella.   The judgment was not paid and a " third party " order for the examination of the Union Dime Savings Bank was obtained.   Upon that examination it appeared that defendant, a savings bank in the city of New York, had two accounts; one in the names of Ermelinda Paretti or Stella Paretti, payable to either or survivor, with a balance of $330.31; the other in the name of Stella Paretti, with a balance of $799.15.   Thereupon plaintiff was appointed receiver in supplementary proceedings on August 20, 1932, and duly qualified

by filing his bond. Plaintiff's demand on defendant for payment of the amount of the judgment having been refused, plaintiff obtained leave to bring this action.

Defendant denies knowledge as to the identity of its depositor with the judgment debtor and pleads plaintiff's failure to produce the pass books as a defense.

Identity of name creates a presumption of identity of person.

" It will be assumed, in the absence of inherent improbability or proof to the contrary, that the same name at all times designates the same person or thing." (*Matter of City of New York*, 189 App. Div. 181, 182.) Such presumption makes a *prima facie* case and in the absence of any proof is sufficient basis for a judgment. (*Kennell* v. *Rider*, 225 App. Div. 391; affd., 252 N. Y. 602.)

However, aside from such presumption, the proof clearly shows the identity of defendant's depositor with the judgment debtor. The residence given in both accounts was the residence of the judgment debtor. Ermelinda Paretti (one of the owners of the joint account) was the mother of judgment debtor; the judgment was based upon services rendered at the request of Stella Paretti at the funeral of Ermelinda Paretti; and the defendant knew that Ermelinda Paretti, one of its depositors, was dead. I hold, therefore, that Stella Paretti, the judgment debtor, is the same person as defendant's depositor.

Nor may defendant's other defense be sustained.

Defendant's by-laws provide, *inter alia*, " but no person shall have the right to demand any part of his principal or interest without producing his or her bank book, that such payment may be entered therein."

The plaintiff, as receiver, steps into the shoes of the judgment debtor with respect to personal property (*Steinert* v. *Van Aken*, 165 App. Div. 206; *Kennedy* v. *Thorp*, 51 N. Y. 174; *Bostwick* v. *Menck*, 40 id. 383; *Mandeville* v. *Avery*, 124 id. 376; *Ward* v. *Petrie*, 157 id. 301; Civ. Prac. Act, § 809) and is subject to the conditions imposed on the judgment debtor by defendant's by-laws.

The purpose of defendant's rule " is to protect the bank against the payment of deposits to others than those entitled thereto." (*Meighan* v. *Emigrant Industrial Savings Bank*, 168 App. Div. 542; affd., 222 N. Y. 578.) The pass book, however, is not negotiable paper and its possession, in itself, constitutes no right to draw money thereon (*Smith* v. *Brooklyn Savings Bank*, 101 N. Y. 58; *Mills* v. *Albany Exchange Savings Bank*, 28 Misc. 251), and the mere failure of plaintiff to produce the pass book does not preclude a recovery. A depositor may assign his deposit for a valuable consideration without the delivery of the pass book, and if such assign-

ment is valid, the bank must recognize it notwithstanding the failure of the transferee to produce the pass book. (*Augsbury* v. *Shurtliff*, 114 App. Div. 626; affd., 190 N. Y. 507.) The regulation must " receive a reasonable construction, and not be perverted to consummate fraud or work injustice." (*Warhus* v. *Bowery Savings Bank*, 21 N. Y. 543.) Here the failure of plaintiff to produce the pass book is quite excusable. The judgment debtor has left the country, presumably taking the book with her. It assurely would " work injustice " to refuse relief to the judgment creditor under such circumstances. The reasonableness of the failure to produce the book must be taken into consideration. (*Dunn* v. *Seamen's Bank*, 118 Misc. 434.)

Payment by defendant to plaintiff will relieve it of its obligation, *pro tanto*, to its depositor, as the depositor's rights have vested in the plaintiff. (*Rabbe* v. *Astor Trust Co.*, 61 Misc. 650.) The right to collect a chose in action is not " less available against savings banks than it is against other debtors." (*Scheffer* v. *Erie Co. Savings Bank*, 229 N. Y. 50, 52.)

" The defendant is in the same position as any other debtor of whom payment is demanded by one who asserts a title as assignee. It pays at its peril  *  *  *  but so does any other debtor responding to a like demand  *  *  *. If it doubts the assignment, and finds an adverse claimant, it may compel the claimants to interplead, and fight their battle between themselves.  *  *  * If it is unwilling to interplead, or if the adverse claimant is not found, it must put the plaintiff to the proof, and wage the contest as it can. Put to the proof, this plaintiff has made good her title. Found to be an owner, she has been refused the remedies that go with ownership. We think they may be withheld no longer." (*Scheffer* v. *Erie Co. Sav. Bank*, 229 N. Y. 50, 53, 54.)

*Held* v. *Fritzwald* (144 Misc. 35), cited by defendant, is not in point. There the court refused to grant a summary order to compel a savings bank to pay over money to a receiver in supplementary proceedings because " It is quite evident that the proof of the identity of the parties is not sufficient." Here the identity is clearly established after trial.

The defendant also cites *Young* v. *Young* (N. Y. L. J. Aug. 13, 1923), but that also was an application for a summary order and hence is not an authority against plaintiff herein.

The plaintiff is entitled to judgment against the defendant for the amount demanded.