ROBERT N. ROSENSTEIN v. MECHANICS AND FARMERS BANK AND
WILMA L. ROSENSTEIN v. MECHANICS AND FARMERS BANK

No. 8014SC784

(Filed 7 April 1981)

**Banks and Banking § 3– savings account – depositors' assignment not accepted by bank**

> The trial court erred in finding and concluding that savings accounts were validly assigned by the depositors to plaintiffs where the passbook rules governing the accounts in issue included the rule that "no assignment or transfer of the Bank Book need be recognized by the Bank unless it consents thereto, and a memorandum thereof entered in said Book"; the rules reference to the Bank Book referred to the money represented thereby and not the passbook containing a record of the transactions between the bank and the depositors; the bank received a letter notifying it of the depositors' sale and assignment of the two accounts on 7 July 1975; and on the same day, the president of the bank wrote to plaintiffs' attorney, and sent a copy to plaintiffs, advising them that the bank refused to accept the assignments and that the accounts were not negotiable.

APPEAL by defendant from *Bailey, Judge.* Judgment entered 12 March 1980 and amended 24 March 1980 in Superior Court, DURHAM County. Heard in the Court of Appeals 5 March 1981.

C. Paul Roberts and wife, Becky M. Roberts, were the owners of two savings accounts deposited with Mechanics and Farmers Bank, one in the sum of $88,620.83 and the second in the sum of $49,719.01. The two accounts were pledged to the bank as collateral to cover any deficiency which might arise in possible foreclosures of various real estate notes secured by mortgages owned by the bank.

On 18 June 1975, Mr. and Mrs. Roberts sold and assigned by written instrument the two accounts to Robert N. Rosenstein and Wilma L. Rosenstein. A letter notifying the bank of the sale and assignments of the two accounts, subject to the possible setoffs mentioned, was received by the bank on 7 July 1975. On the same day, the president of the bank wrote the Rosensteins' attorney, with a copy to the Rosensteins, advising them that the bank refused to accept the assignments; that in his opinion the accounts were not negotiable and were subject to any defenses or offsets which the bank may have against the Robert-

ses. Thereafter, offsets totaling $10,700 were made to cover deficiencies in the notes secured by mortgages foreclosed. Furthermore, over a period of two and one-half years thereafter the bank permitted withdrawals to third persons, or the Robertses, until the accounts were almost totally depleted.

Plaintiffs began this cause of action for recovery of the savings accounts, less the setoffs for foreclosure deficiencies, on 16 February 1978. The trial judge, sitting without a jury, made findings of fact and conclusions of law and awarded judgments to the Rosensteins for the original amount of the accounts, plus accrued interest and less offsets paid out on the foreclosed notes and mortgages. The bank appeals.

*Mount, White, King, Hutson, Walker & Carden, by Richard M. Hutson II; and Nye, Mitchell, Jarvis & Bugg, by Charles B. Nye, for plaintiff appellees.*

*James B. Craven III for defendant appellant.*

HILL, Judge.

Four questions are raised by the bank on appeal, but we find one to be dispositive. Did the court err in finding and concluding that the Robertses' savings accounts were validly assigned to the Rosensteins?

It is undisputed that a savings account may be assigned or transferred by a depositor. *Lipe v. Bank,* 236 N.C. 328, 72 S.E. 2d 759 (1952). This is simple contract law, but a contract must be construed by looking at it from all "four corners." The passbook rules governing the account at issue include, among other things, the following:

11. No assignment or transfer of the Bank Book need be recognized by the Bank unless it consents thereto, and a memorandum thereof entered in said Book.

The Rosensteins would distinguish between an assignment of the passbook (bank book) and the deposit. Such an argument is illusory. The passbook is a record of the contract transaction between the bank and the depositor. Other than this purpose, it is practically worthless. A deposit may be validly assigned without the delivery of a passbook. *McCabe v. Union Dime Sav. Bank,* 150 Misc. 157, 268 N.Y.S. 449, 451 (1934). We conclude that the passbook rule quoted above refers to the money repre-

sented by the passbook as the subject of transfer or assignability.

The Rosensteins further contend that the bank failed to show at trial that in adopting the regulations affecting the passbook it complied with G.S. 53-66. This statute reads as follows:

> § 53-66. *Savings Deposits.* — Any bank conducting a savings department may receive deposits on such terms as are authorized by its board of directors and agreed to by its depositors. The board of directors shall prescribe the terms upon which such deposits shall be received and paid out, and a passbook or other evidence of deposit shall be issued to each depositor containing the rules and regulations *adopted by the board of directors* governing such deposits. *By accepting such book or such other evidence of deposit the depositor assents and agrees to the rules and regulations therein contained.* (Emphasis added.)

The Rosensteins demanded that the original books of the board of directors in which the rules and regulations were adopted be produced. They were not offered into evidence, but two officers testified the rules had been in effect for years — one testifying they had been in existence since 1948 or 1949. Any failure to produce the minute book of the board of directors was harmless. The last sentence of the statute put a depositor on notice. The board of directors could have ratified the rules and regulations at anytime.

We conclude the trial judge erred in his conclusion that the accounts were validly assigned to the Rosensteins. The bank acted with all haste upon receipt of notice of the purported assignment in advising the Rosensteins that it refused to acknowledge the assignments and sales of the deposits. The notice of such refusal was received by the Rosensteins and their attorney. What the bank and Mr. and Mrs. Roberts did with the accounts thereafter was immaterial.

The judgment of the trial judge is

Reversed.

Judge WEBB concurs.

Judge HEDRICK dissents.

HEDRICK, Judge, dissenting:

In my opinion the evidence supports the critical findings and conclusions made by Judge Bailey, and the judgment ought to be affirmed.